983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annabella P. PRICE, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 92-3504.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1992.
 
 Before RICH, LOURIE and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Annabella P. Price petitions for review of a June 1, 1992 Order of the Merit Systems Protection Board in Docket No. SF0752890216-B-1 dismissing her petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 On December 14, 1988, Mrs. Price was removed from her position as a supervisory clerk-typist with the Navy. Her appeal of this action to the Board ended in a settlement between her and the Navy. Mrs. Price subsequently filed a petition for enforcement of the settlement agreement, alleging that the Navy had failed to comply with certain terms of the agreement.
 
 
 3
 In an initial decision, the administrative judge (AJ) found the Navy had complied with the terms of the settlement agreement, and denied Mrs. Price's petition for enforcement. The initial decision was mailed to Mrs. Price on November 21, 1991, and included notice that it would become final on December 26, 1991, unless a petition for review was filed by that date. On February 19, 1992, Mrs. Price filed a petition for review of the initial decision. Upon receiving the late-filed petition, the Board ordered Mrs. Price to show cause why her petition should not be dismissed as untimely.
 
 
 4
 Mrs. Price responded with an affidavit stating that (1) upon returning home from an extended holiday vacation, she received a copy of the initial decision on December 27, 1991, one day after the initial decision became final; (2) she contacted the AJ's legal assistant regarding her case and was directed to the Clerk of the Board; and (3) she received a copy of the Board's regulations on January 15, 1992, and thereupon filed her petition for review as quickly as possible. After considering the affidavit, the Board dismissed the petition as untimely, finding no good cause for waiving the filing deadline. Mrs. Price timely appealed the dismissal to this court.
 
 
 5
 In its decision, the Board stated that the "asserted fact" that Mrs. Price did not receive a copy of the initial decision until the deadline for filing a petition for review had already passed "might constitute good cause to waive the deadline in part." The Board recognized that delay in filing a petition for review may be excused "where under the circumstances, a petitioner exercises diligence or ordinary prudence." Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). The Board found, however, that Mrs. Price's actions between her alleged receipt of the initial decision on December 27, 1991, and the filing of her petition for review on February 19, 1992, did not exhibit due diligence or ordinary prudence under the circumstances.
 
 
 6
 The Board has broad discretion to decide whether to waive the filing deadline for a petition for review, and this court will not substitute its own judgment for that of the Board absent a showing that the Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Mendoza, supra. We can not say that the Board's determination in this case was an abuse of discretion. Accordingly, we affirm the Board's decision.
 
 Costs
 
 7
 No costs.