11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Federico P. CABABARO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3412.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
 
 Before ARCHER, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Federico P. Cababaro petitions for review of the May 21, 1993 decision of the Merit Systems Protection Board ("Board") in Docket No. SE-0831-93-0006-I-1. In its decision, the Board dismissed as untimely Mr. Cababaro's petition for review of the Administrative Judge's (AJ) December 31, 1992 decision. We affirm.
 
 DISCUSSION
 
 2
 In its December 24, 1990 reconsideration decision, the Office of Personnel Management (OPM) denied Mr. Cababaro's application for civil service annuity benefits and informed him of his right to file an appeal with the Board within 25 days after the date of the decision. More than nineteen months later, in a letter dated August 17, 1992, which was received by the Board on October 5, 1992, Mr. Cababaro appealed the OPM reconsideration decision.
 
 
 3
 After the appeal was filed, the AJ issued an Acknowledgment Order directing Mr. Cababaro to present evidence that his appeal was timely filed or that there was good cause for the delay. Mr. Cababaro never responded to the Acknowledgement Order. In her December 31, 1992 decision dismissing the appeal as untimely, the AJ found that Mr. Cababaro had filed his appeal approximately nineteen months after the filing deadline and that he had not addressed the issue of the untimeliness of the appeal. Thus, the AJ concluded, Mr. Cababaro had failed to show good cause for the delay in filing. The AJ's decision notified Mr. Cababaro of his right to file a petition for review with the Board and of the time limit for appealing to the Board.
 
 
 4
 On January 25, 1993, Mr. Cababaro filed a timely but deficient petition for review with the Board's Seattle Regional Office, which that office forwarded to the full Board for consideration. In a February 4, 1993 notice, the Clerk of the Board rejected the deficient petition for review and informed Mr. Cababaro that he had 30 days from the date of notice to refile. Mr. Cababaro refiled the corrected petition for review with the Board on March 15, 1993. The Clerk informed Mr. Cababaro in a March 24, 1993 notice that his corrected petition for review was untimely and directed him to provide an affidavit or sworn statement showing good cause for the late filing. See 5 C.F.R. Sec. 1201.114(f) (1993). Mr. Cababaro did not respond to the Clerk's notice, and the Board dismissed Mr. Cababaro's petition for review as untimely.
 
 
 5
 The standard for review of Board decisions is narrowly defined by statute. We must affirm the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 The Board may waive the deadline for filing a petition for review if a petitioner shows good cause for the untimely filing. See 5 C.F.R. Secs. 1201.12, 1201.114(f) (1993). To establish good cause, the petitioner must show that, under the circumstances of the case, he exercised diligence or ordinary prudence. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc) (citation omitted). Whether the regulatory time limit should be waived upon a showing of good cause is a matter within the Board's discretion, and this court will not substitute its own judgment for that of the Board. See id. (citations omitted).
 
 
 7
 Mr. Cababaro did not respond to the Board's request for an explanation for the seven-day delay in filing his corrected petition for review. Under these circumstances, we are unable to say that, in dismissing his petition for review, the Board abused its discretion or that its decision is not supported by substantial evidence.