16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Henry N. CHAFIN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3347.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Henry N. Chafin petitions for review of the December 18, 1992 initial decision of an Administrative Judge (AJ), Docket No. AT-1221-93-0062-W-1, dismissing as untimely filed Chafin's appeal of a decision by the Office of Special Counsel (OSC) informing him of its decision to terminate its investigation into his whistleblowing allegations. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on April 6, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 In its closure letter dated August 4, 1992, OSC informed Chafin that there was a sixty-five day time limit for filing an appeal to the Board of OSC's decision to terminate its investigation. Chafin attempted to file an appeal with the Board on September 22, 1992. In a letter dated September 24, 1992, the Board informed Chafin that this filing was insufficient in that it failed to meet several technical requirements for filing an appeal, namely (1) Chafin did not provide an original and one copy of all attachments, (2) Chafin did not provide the name and address of the agency whose actions he was challenging, and (3) Chafin did not clearly identify the nature and date of the alleged retaliation. The Board also informed Chafin that he had fifteen days from the date of that letter to refile his appeal correcting these deficiencies. Chafin did not refile his appeal, however, until October 21, 1992, twelve days past this deadline.
 
 
 3
 On October 23, 1992, the AJ informed Chafin that his refiled appeal appeared to be untimely. The AJ further informed him that he had the burden of proof on timeliness. The AJ accordingly ordered him to "file evidence and argument showing that [his] appeal was timely refiled or that good cause existed for the delay." In response, Chafin argued that he did not receive the AJ's September 24 letter rejecting his appeal and informing him of his right to refile until October 8. Chafin further argued that his work schedule prevented him from retrieving his mail other than on weekends and that, once he received the AJ's letter, he responded on October 16, which he argued was within a reasonable amount of time given his lack of legal experience.
 
 
 4
 The AJ was unpersuaded. The AJ first noted that the postmark on the envelope in which Chafin refiled his appeal was October 21, thirteen days after Chafin allegedly received the AJ's September 8 letter. The AJ then noted that Chafin had failed to explain why he did not immediately notify the Board of the alleged mail delay,[1] or in any event, why he had waited thirteen days to refile his appeal even though the AJ had informed him specifically of the filing deadline. In view of the foregoing, the AJ concluded that Chafin failed to set forth any "events showing that circumstances beyond his control affected his ability to comply with the Board's filing requirements, or that any neglect involved was excusable delay." Chafin has failed to point out any error in the AJ's reasoning justifying reversal.
 
 
 5
 The Board is authorized by statute to promulgate regulations that are necessary to the performance of its functions. 5 U.S.C.A. Sec. 1204(h). To this end, 5 C.F.R. Secs. 1201.24(a)(1) and (2) provide that an appeal must identify, among other things, the name and address of the agency that took the action being appealed, the action taken, and the date that the action was taken. In this case, the Board notified Chafin that his initial filing failed to satisfy these regulatory requirements and provided him with a reasonable amount of time to correct these deficiencies. When Chafin failed to refile within the allotted time, the AJ ordered him to show good cause for failing to do so.[2] Just as this court will not substitute its own judgment for that of the Board when the Board reasonably exercises its broad discretion in deciding whether or not to waive a regulatory time limit for filing an appeal, see Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc), this court also will not substitute its judgment for that of the Board when the Board justifiably decides not to waive a reasonable time limit that it has imposed to provide a party with time to perfect the filing of its appeal, as in this case.
 
 
 6
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.
 
 
 
 [1]
 Moreover, Chafin's allegations of mail delay were unsupported by any specific evidence that the AJ's September 24 letter was actually misboxed. Instead, Chafin relied merely on evidence that mail had been misboxed at the same post office in other cases
 
 
 [2]
 The AJ noted that the deadline set by the OSC was October 8, 1992 and that this deadline was statutorily prescribed and could be waived only under special circumstances. The AJ reasoned, however, and we agree, that he need not address whether the statutorily-imposed deadline could be waived by the Board, given that Chafin had failed to refile even within the extended time period established by the Board. Instead, the AJ focussed on whether Chafin had shown good cause for failing to refile a corrected appeal within the time allotted