Juanita C. **MENDOZA,** Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD,** Respondent.

No. 91–3202.

United States Court of Appeals, Federal Circuit.

June 10, 1992.

Juanita C. Mendoza, pro se.

Michael K. Martin, Merit Systems Protection Board, Washington, D.C., for respondent. With him on the brief were Mary L. Jennings, Acting Gen. Counsel and Sara B. Rearden, Acting Asst. Gen. Counsel. Margaret L. Baskette, Jeanne E. Davidson and David M. Cohen, Dept. of Justice, represented the respondent. Murray M. Meeker, Officer of Personnel Management, of counsel.

Before NIES, Chief Judge, RICH, NEWMAN, ARCHER, MAYER, MICHEL, PLAGER, LOURIE, CLEVENGER, and RADER, Circuit Judges.

NIES, Chief Judge.

Juanita C. Mendoza appeals from the October 9, 1990, decision of the Merit Systems Protection Board (MSPB or Board), No. SE08319010505, dismissing for untimeliness her appeal of an Office of Personnel Management (OPM) reconsideration decision. A panel of the court reversed the Board's decision and remanded for consideration of the merits. *Mendoza v. Merit Systems Protection Bd.*, 949 F.2d 391 (Fed. Cir.1991). The government petitioned for rehearing and suggested rehearing *in banc* (1) disputing the factual basis for the panel decision and (2) questioning the propriety of the remand order which directed that the Board address the merits, rather than merely reconsider the timeliness issue. A divided panel denied the petition for rehearing and the court voted to rehear the case *in banc*. By order dated February 21, 1992, the court vacated the earlier judgment and withdrew its accompanying opinion. While the government's challenge to the proper scope of the remand order raises a significant legal issue, the *in banc* court concludes, upon consideration of the entirety of the record which has now been

obtained by the court, that the Board's decision must be affirmed.

## BACKGROUND

■ Juanita Mendoza, the widow of a Filipino veteran of World War II and civilian employee of the United States government, applied for survivor annuity benefits under the Civil Service Retirement System (CSRS). On May 7, 1990, the OPM issued a final decision, denying Ms. Mendoza's application for an annuity, finding that her deceased husband had never served in a civilian position covered by the CSRS. The OPM informed Ms. Mendoza of her right to appeal the decision to the Board, and provided her with both instructions on how to file an appeal and a copy of the Board's regulations. The OPM specifically emphasized the 25-day time limit for appealing an OPM decision to the Board. Ms. Mendoza filed her appeal on July 6, 1990—approximately five weeks after the 25-day limitation period had expired.[1] In her letter, Ms. Mendoza recognized that her appeal was untimely and requested a waiver of the timeliness requirement stating that she was "very old and sickly." She also stated that she could not provide a doctor's certificate explaining her condition because she could not afford to go to a doctor.

The Administrative Judge issued an "Acknowledgment Order," apparently a form document, which gave general information and alternative directives on processing the appeal depending upon the circumstances. If an appeal was untimely, the party was ordered to file evidence and argument showing that "good cause existed for the delay." The OPM submitted its file on the matter as required and at the same time moved for dismissal because of untimeliness and because "no evidence [was] submitted to establish good cause to waive the time limit." A copy of this paper was served on Ms. Mendoza. The Administrative Judge then issued a Show Cause Order, requesting *evidence* and *argument*

showing that "good cause existed for the delay." Upon receiving no response within the 30-day period set in that Order or even prior to the date for closing the record, the Administrative Judge granted the OPM's motion for dismissal. After the record closed, Ms. Mendoza filed a letter in response to the Show Cause Order. However, her letter presented no evidence or argument directed to showing good cause for the delayed filing. She merely asserted her entitlement to an annuity. Ms. Mendoza timely filed a petition for review with the Board. Again, her pleading merely asserted entitlement and contained no reference to untimeliness, waiver, or good cause for the delay in filing her appeal. Upon denial of that petition, she timely appealed to this court.

Although Ms. Mendoza's appeal to this court does not directly address the basis for the Board's decision,[2] the only issue raised by the record is whether the Board abused its discretion in dismissing Ms. Mendoza's case by reason of untimely filing.

## DISCUSSION

### I.

MSPB regulations provide that an appeal from an OPM decision which does not set an effective date must be filed within 25 days of the decision's issuance. 5 C.F.R. § 1201.22(b) (1991). If the appeal is not filed within this time period, it will be dismissed as untimely unless the petitioner shows "a good reason for the delay." 5 C.F.R. § 1201.22(c). *See also* 5 C.F.R. § 1201.12 (1991) (Board may waive procedural regulation upon showing of good cause). Because Ms. Mendoza's appeal, by her own admission, was filed outside the limitation period, we need only consider the issue of whether the Board improperly denied her a waiver based on her initial request.

---

1. The postmark date is deemed the filing date. *Cantrell v. United States Postal Service,* 32 M.S.P.R. 248, 250 n. 1 (1987).

2. While *pro se,* Mendoza's pleadings appear to have been phrased by someone familiar with legal procedures. Foreign counsel who do not become members of the bar of this court may not sign or file pleadings for a party.

We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board. *Turner v. Merit Systems Protection Bd.*, 806 F.2d 241, 246 (Fed.Cir.1986); *Rowe v. Merit Systems Protection Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986); *Sheeran v. Merit Systems Protection Bd.*, 746 F.2d 806, 807 (Fed.Cir.1984); *Young v. Department of Commerce, Census Bureau*, 737 F.2d 1029, 1031 (Fed.Cir.1984); *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1390 (Fed.Cir.1982). On appeal, we will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c) (1988). *See also Bacashihua v. Merit Systems Protection Bd.*, 811 F.2d 1498, 1500 (Fed.Cir.1987); *Phillips*, 695 F.2d at 1390.

Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence. *Phillips*, 695 F.2d at 1391. The burden is on the petitioner to demonstrate excusable delay. *Id.* Thus, before the Board, the burden was on Ms. Mendoza to prove facts which would show that she exercised diligence and ordinary prudence in filing her appeal five weeks late.

In initiating her appeal to the MSPB, Ms. Mendoza included a request for a waiver of the 25–day time limitation for appealing the subject OPM decision, stating that she was "very old and sickly." The OPM moved to dismiss because she submitted *no evidence* in support of the stated cause for the delay. The only evidence before the Administrative Judge at that point was the agency's file. In that file, the only evidence respecting either Ms. Mendoza's health or age is that she was born in 1925 and would have been about 65 or 66 years old. The Administrative Judge's Order, dated August 17, 1990, requiring Ms. Mendoza to submit, within 30

days, evidence of facts showing good cause was clearly not arbitrary or capricious. It was Ms. Mendoza's obligation to make an appropriate response to the Order. A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board, whether rich or poor, whether resident abroad or in the United States, are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges. The doors of the tribunal are open to all claimants but only on the same terms. This is the essence of due process and equal treatment under the law.

Ms. Mendoza was afforded an opportunity for review of OPM's decision rejecting her application for an annuity, but she was entitled to that review only if she complied with the MSPB's regulations and orders. In this case, in spite of a specific Order from the Administrative Judge requesting evidence showing that good cause existed for the delay, Ms. Mendoza never once thereafter referred to timeliness, waiver, or good cause. She simply and completely ignored the Administrative Judge's directives.

Had the agency not challenged Ms. Mendoza's vague assertions of old age and illness, the Administrative Judge might have decided the issue of timeliness on the basis of her allegations alone. However, the OPM clearly put the matter in issue and it was, therefore, the Administrative Judge's obligation to pursue the matter further with a Show Cause Order containing the directive to submit evidence in support of the allegations. After the Show Cause Order failed to bring a response to the waiver issue, the Administrative Judge dismissed the action.

The court does not expect a *pro se* litigant to be made to jump through a confusing array of procedural hoops. However, there was nothing mysterious or incomprehensible in the Show Cause Order. That Order was clear and unambiguous.[3] It was

---

3. The government argues that Ms. Mendoza did not respond to *two* orders to establish timeliness, the first being the Acknowledgment Order.

While the government is technically correct, we decline to rely on her failure to reply to the first Order. The directive contained therein is con-

directed solely to the issue of "whether Ms. Mendoza's appeal was timely filed" and states: "The appellant is *ORDERED to file evidence* showing that her appeal was timely filed or that good cause existed for the delay" (emphasis added). Ms. Mendoza never responded in any manner to that plain Order. We, therefore, hold that the Administrative Judge did not abuse her discretion by dismissing the appeal by reason of Ms. Mendoza's failure to show good cause for not filing the appeal in a timely manner.

## II.

Because we hold that the appeal was properly dismissed, the second issue presented in the government's suggestion for rehearing *in banc* is moot.

## CONCLUSION

The dismissal of Ms. Mendoza's action is AFFIRMED.

PAULINE NEWMAN, Circuit Judge, dissenting.

I respectfully dissent. This court's *en banc* ruling ratifies a failure of administrative process that not even the Board seeks to sustain. It is not this court's obligation to endorse a system that has malfunctioned, by refusing to correct the system when errors arise. Fair procedures require vigilance, and responsive judicial review.

### A

Let us review what has transpired. The merits of Mrs. Mendoza's appeal were not reached by the Board, on the basis that the appeal was untimely filed. The merits of her request for waiver of the untimely filing were not decided by the Board, upon procedures that even this *en banc* court now finds "confusing". In the now-vacated decision of a unanimous panel of this court, the Board's actions were found wanting. The Board did not acknowledge Mrs. Mendoza's request for waiver, did not mention the reasons she gave to explain her untimely filing, and did not assess the adequacy of her evidence. The panel deemed this procedure inadequate, for it ignored that Mrs. Mendoza had already complied with the Board instructions that OPM sent to her, concerning untimely filing. As required in those instructions, she stated that her filing was untimely, requested waiver, and gave her reasons; she requested:

> Waiver for the timelyness [on] the ground that I am very old and sickly, and I can't go to the doctor for the aid, because no monies for the [ex]penses, so that I can give you the certificate of a doctor to satisf[y] your good office.

The panel expressed its concern that the administrative judge twice issued Orders that failed to respond to or even acknowledge this request. Although the court now holds that Mrs. Mendoza should have interpreted these Orders to mean that her proffered excuse was inadequate, that is not what the Orders said.[1]

---

fusing. It states, after noting Ms. Mendoza's appeal appeared to be untimely, *inter alia:* "I ORDER you to file evidence and argument showing that your appeal was timely *refiled....*" The reference to "refiled" makes no sense. However, any inadequacies of the Acknowledgment Order were overcome by the clear direction of the Show Cause Order.

1. The first Order was particularly confusing. It stated: "If your appeal is timely filed ... you have a right to a hearing on the merits of your case", ignoring that Mrs. Mendoza had stated in her filing that the appeal was not timely filed. The Order mentioned "evidence and argument showing that your appeal was timely *refiled* or that good cause existed for the delay." (Emphasis added.) The Order requested that she file an

explanation of any tardy filing, whereas Mrs. Mendoza had already filed an explanation of her tardy filing.

The Board wrote in its petition for rehearing that the order to show cause "gave Ms. Mendoza specific notice that more and better evidence would be required for a waiver of the time limit." However, there is no "specific notice" about "more and better evidence" in the order, which simply ordered her to file evidence, ignoring the evidence already filed.

This court states that "OPM moved to dismiss because she submitted no evidence in support of the stated cause of the delay." However, the OPM motion made no reference to any "stated cause" and, as the Board concedes, the administrative judge never addressed her stated cause.

In its petition for rehearing the Board agrees that "the administrative judge failed to address appellant's reasons for waiver of the time limit." This failure is neither contested nor defended by the Board, whose sole points in its petition for rehearing were that the panel incorrectly applied *Alonzo v. Dep't of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180 (1980), and that the panel should not itself have addressed the merits of the requested waiver but should have remanded the issue for consideration in the first instance by an administrative judge. This *en banc* court, however, rehabilitates the Board's flawed procedure—and then proceeds to decide the merits itself.

In deciding the case on its merits this court redefines the issue as "whether the Board improperly denied her a waiver based on her initial request". However, the Board agrees, indeed insists, that it did not base its denial on her initial request. Thus, while the Board stresses in its petition for rehearing that "the Board failed to rule on the question of whether being 'very old and sickly' constituted a reasonable excuse for a five-week delay", this court now excuses that lapse, and rules on the question based on the Board's arguments filed in the petition for rehearing.

Deciding the merits of Mrs. Mendoza's initial request, this court criticizes her showing for "vagueness". However, not until the petition for rehearing did the Board assert that her reasons were "vague". Neither OPM, nor the administrative judge, nor the Board, had stated this objection during any of the prior proceedings. This assertion was raised in the Board's petition for rehearing as part of the argument that the Panel had incorrectly applied *Alonzo*, not in support of the Board's earlier actions.

### B

In its petition for rehearing the Board now advises this *en banc* court of what was required of Mrs. Mendoza. The Board states that her "assertion of being sickly is insufficient to support a five-week delay unless she details other circumstances such as the nature of the sickness, its duration, and how it prevented her from filing an appeal on time." None of this useful information was mentioned earlier in the proceedings; it was not communicated to Mrs. Mendoza, or even included in the Board's brief on appeal to the Federal Circuit.

Although Mrs. Mendoza has had no chance to respond to this objection, this *en banc* court appears to rely on it. Such criticism of her showing should have been raised in a way that allowed response, instead of appearing for the first time in the Board's petition for rehearing. "The courts may not accept appellate counsel's *post hoc* rationalizations for agency action." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962). "[A]gency 'litigating positions' are not entitled to deference when they are merely appellate counsel's '*post hoc* rationalizations' for agency action, advanced for the first time in the reviewing court." *Martin v. Occupational Safety and Health Review Comm'n*, —— U.S. ——, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991).

Incidentally, I observe that the Board's statement of what was lacking in Mrs. Mendoza's submission does not mention documentary evidence. This court's endorsement of the administrative judge's two "orders" demanding "evidence" suggests the court's belief that explanation alone is insufficient, and that documents are required. Yet the Board now tells us that "details" may suffice. Indeed, the applicable regulation simply requires "a good reason". 5 C.F.R. § 1201.22(c) (an untimely filing will be dismissed unless "a good reason for the delay is shown"). I wonder how Mrs. Mendoza (or judges) would know what "evidence" might satisfy the Board under these circumstances, for not until the Board's petition for rehearing are we told what the Board had in mind.[2]

---

2. The Board instructions to its administrative judges with respect to Philippine retirement appeals include:

(2) "Good cause" should be liberally construed for appeals filed within 6 months from the date of the OPM reconsideration decision.

In justifying the Board's procedures, this court criticizes Mrs. Mendoza for not repeating the information that she had already filed. The court states: "in spite of a specific Order from the Administrative Judge requesting evidence showing that good cause existed for the delay, Mrs. Mendoza never once *thereafter* referred to timeliness, waiver, or good cause." This court fatally faults Mrs. Mendoza for not "thereafter" referring to "timeliness" and "waiver" or the reasons for her delay, although these precise words and her reasons had already been filed, in accordance with the Board's instructions for untimely appeals.

This court does not explain why the administrative judge's lack of responsiveness to Mrs. Mendoza's request for waiver must be twice excused, while placing the burden of prescience on Mrs. Mendoza. Mrs. Mendoza was apparently supposed to grasp that the administrative judge had failed to read her initial submission, and therefore that she was obliged to repeat it. However, even the Board does not now argue in favor of the procedure followed in this case.

### C

The issuance of form "orders" in inapplicable circumstances can only confuse the public that OPM and the Board are designed to serve. The Board recognizes that its *pro se* petitioners are "entitled to some leniency with respect to court-type formalities." *Black v. Dep't of Hous. and Urban Dev.*, 42 M.S.P.R. 83, 86 n. 2 (1989). *See also Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (recognizing needs of *pro se* petitioners). The Board regulations state that "The judge will provide the party with an opportunity to show why the appeal should not be dismissed as untimely." 5 C.F.R. § 1201.-22(c). The opportunity here provided was flawed, for Mrs. Mendoza's excuse was not considered by the Board, and she now is receiving from this court an adverse decision based on the Board's newly presented

information and argument, to which she had no opportunity to respond.

I fully agree that it is improper for a court to intrude into an agency's routine operations. See *Phillips v. United States Postal Service*, 695 F.2d 1389, 1390 (Fed. Cir.1982) (Board authorized to control its operations through prescribed Regulations). However, the issuance by an administrative judge of two non-responsive form "orders", not addressing the petitioner's request on its merits, followed by forfeiture of substantive legal rights, is not a routine operation. Judicial correction of legal error is not micromanagement of operations. It is our responsibility. *See* 5 U.S.C. § 7703(c) (Federal Circuit shall "set aside any agency action ... found to be ... obtained without procedures required by law, rule or regulation having been followed").

(citing Chap. 3 of the Board's *Judge's Handbook*).