6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Alex J. JARMUSIK, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3232.
 United States Court of Appeals, Federal Circuit.
 Sept. 7, 1993.
 
 Before LOURIE and RADER, Circuit Judges, and WOODS*, District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Alex J. Jarmusik petitions for review of the October 30, 1992 decision of the Administrative Judge (AJ), No. PH0752920591-I-1, dismissing for untimeliness his appeal of the decision by the Department of Health and Human Services to remove him from his position as a Social Insurance Claims Examiner. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) when the Board denied review on February 3, 1993. Because the AJ did not abuse his discretion in determining that Jarmusik failed to show good cause for his delay in filing, we affirm.
 
 DISCUSSION
 
 2
 Effective January 9, 1992, the Social Security Administration of the Department of Health and Human Services (agency) removed Alex Jarmusik from his position as a Social Insurance Claims Examiner on the grounds that he threatened a management official and fellow employees and disrupted the work place. Jarmusik's past disciplinary record was cited by the agency as additional support for the penalty of removal. Jarmusik was advised that any appeal of this decision to the Board must be filed no later than twenty calendar days from the effective date of the removal. See 5 C.F.R. Sec. 1201.22(b). On August 14, 1992, six and one-half months after the January 29, 1992 due date for appeal, Jarmusik hand-delivered a notice of appeal to the Board. Jarmusik was ordered to provide evidence and argument showing that good cause existed for his delay in filing the appeal. See 5 C.F.R. Sec. 1201.22(c). Additionally, the AJ conducted a status conference to discuss the issue of timeliness with Jarmusik, during which the AJ advised Jarmusik to file any evidence regarding his alleged incapacity to timely file with the Board.
 
 
 3
 In response to the show cause order and the status conference, Jarmusik stated that the breakup of his marriage caused him to be confused and despondent, and that his mental distress was exacerbated by a number of conflicts he had with the agency's management concerning work assignments. Jarmusik further stated that he was in a state of shock because of the agency's decision to remove him and that he did not believe an appeal would be worthwhile.
 
 
 4
 The AJ dismissed the appeal, finding that Jarmusik failed to show good cause for his delay. The AJ concluded that Jarmusik had failed to adduce any medical evidence to show that he was not competent during the twenty day period and thus unable to file a timely appeal. Specifically, the AJ found that Jarmusik had hired an attorney to assist him in contesting the proposed removal and had contacted his congressman to complain of the agency's action. Within a week of the agency's decision of removal, Jarmusik again contacted his congressman and contacted the agency's EEO Office. Because of these activities, the AJ found that Jarmusik was not incapacitated and was fully capable of filing an appeal during the period in question, despite his personal and professional conflicts.
 
 
 5
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed.Cir.1992) (in banc) (citations omitted). We reverse the grant or denial of such a waiver only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988).
 
 
 6
 "Delay is excusable where, under the circumstances, a petitioner exercised diligence or ordinary prudence." Mendoza, 966 F.2d at 653. The appellant bears the burden of proof by a preponderance of the evidence with respect to the timeliness of an appeal. 5 C.F.R. Sec. 1201.56(a)(2)(ii).
 
 
 7
 On appeal, Jarmusik argues that marital difficulties and conflicts with management and fellow workers caused his six and one-half month delay in filing an appeal. While we appreciate that Jarmusik faced hardships in his personal and professional life, we cannot say that the AJ abused his discretion in concluding that Jarmusik did not meet his burden of showing why such difficulties prevented him from filing an appeal within the statutory time limit.
 
 
 
 *
 Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation