6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James A. PERRY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3171.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1993.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 James A. Perry petitions for review of the December 29, 1992 decision of the Merit Systems Protection Board, Docket No. BN0752900020I1, dismissing for untimeliness his petition for review of an initial decision sustaining his removal by the Department of the Navy. We affirm.
 
 DISCUSSION
 
 2
 Mr. Perry appealed to the Board from his removal as an Electronics Technician. The Board affirmed the agency's action in an initial decision on January 26, 1990. Mr. Perry was informed that the initial decision would become final on March 2, 1990, unless he filed a petition for review with the Board on or before that date.
 
 
 3
 Mr. Perry waited until August 31, 1992, over two years late, to file a petition for review. The Clerk of the Board notified Mr. Perry that his petition was untimely and that it was defective because it was not served on the other parties to the appeal. He was directed to file a perfected petition and a motion for a waiver of the time limit accompanied by an affidavit or sworn statement explaining why there was good cause for waiving the time limit. He then filed a perfected petition for review, but no motion or affidavit, and was again directed to submit a statement giving reasons for his untimely submission.
 
 
 4
 Mr. Perry submitted a statement explaining, inter alia, that his attorney withdrew from the case, that he was unable to secure new counsel, and that he had only recently decided to petition the Board for review. He also stated that the administrative judge had advised him of the alternate remedy of filing a claim through the Office of Workers' Compensation Program. The Board found that these explanations did not establish good cause to waive the time limit for review and dismissed his petition.
 
 
 5
 On appeal, Mr. Perry asserts that his petition was timely filed. An initial decision shall become final unless a party files a petition for review within 35 days of the decision's issuance. 5 C.F.R. Sec. 1201.113(a) (1993). This 35-day time limit may be extended upon a showing of good cause. 5 C.F.R. Sec. 1201.113(d).
 
 
 6
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Mr. Perry bears the burden to establish good cause for his untimely appeal. 5 C.F.R. Sec. 1201.56(a)(2)(ii) (1993). Litigants before the Board are obligated to respect the Board's procedures, including its deadlines, and the orders of the Board's judges. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). The Board has broad discretion to decide whether to waive a time for appeal, and this court will not substitute its judgment for that of the Board. Id. Under these circumstances, we find no reversible error in the Board's decision that good cause had not been shown for the two year delay.