11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sebastian A. MARANAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3393.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1993.
 
 Before NEWMAN, ARCHER, and CLEVENGER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Sebastian A. Maranan appeals a decision of the Merit Systems Protection Board (Board), Docket No. SE0831900015I-1, holding as untimely his petition for review of an initial decision that he is not eligible for retirement benefits under the Civil Service Retirement Act. Since the Board did not abuse its discretion in refusing to waive the time limit for petitioning for review, we affirm.
 
 
 2
 Mr. Maranan, a citizen of the Philippines, applied for deferred retirement benefits under the Civil Service Retirement Act on March 10, 1988. In order to be eligible for benefits under the act, Mr. Maranan was required to demonstrate that he had accumulated five years of creditable service, as defined by the act. To establish this service, Mr. Maranan claimed credit for time spent as a civilian employee of the Army before World War II, as an inductee following the outbreak of hostilities with Japan, and as a prisoner of war after he was captured by the Japanese.
 
 
 3
 The Office of Personnel Management could only verify civilian service with the Army from August 1, 1937 to December 31, 1940, and denied benefits due to inadequate creditable service. Mr. Maranan appealed the decision, and its affirmance upon his request for reconsideration, to the Board. An initial decision affirming the denial of benefits was issued on January 4, 1990. The decision contained a notice to the appellant that the decision would become final in thirty calendar days, and any petitions for review by the full Board or this Court were to be filed by February 8, 1990. On February 5, 1993, Mr. Maranan petitioned for review by the full Board.
 
 
 4
 The Board noted that the petition for review was out of time and afforded Mr. Maranan an opportunity to show good cause for the late filing. In a petition dated March 9, 1993, Mr. Maranan stated that the initial decision had been misplaced when he moved and, "despite diligent and intense efforts" he had not found it until February 3, 1993. Observing that Mr. Maranan had not attempted to obtain another copy of the decision or request an extension of time in which to file, the Board dismissed the petition as untimely filed.
 
 
 5
 Whether to waive a time limit for a filing with the Merit Systems Protection Board is a matter committed to the discretion of the Board, and is reviewed on appeal for an abuse of that discretion. Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc ). Upon the facts presented in this case, the Board did not abuse its discretion when it concluded that there was not good cause for the late filing.
 
 
 6
 Since the Board properly dismissed the appeal on the basis of untimeliness, we do not reach the merits of Mr. Maranan's claim of entitlement to retirement benefits.