11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herminia O. EDULAG, Petitioner,
v.
MERIT SYSTEM PROTECTION AGENCY, Respondent.
 No. 92-3650.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Herminia O. Edulag petitions for review of the April 20, 1992 Initial Decision of an Administrative Judge (AJ), Docket No. SE-0831-92-0135-I-1, which dismissed as untimely filed Edulag's appeal of a final decision issued by the Office of Personnel Management (OPM) on November 15, 1991 denying her application for benefits based upon her late father's status as an annuitant under the Civil Service Retirement System (CSRS). The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on August 5, 1992, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 In its November 15, 1991 final decision, OPM clearly informed Edulag that there was a twenty-five day time limit for filing an appeal of OPM's final decision to the Board. OPM also provided Edulag with instructions for filing such an appeal. Edulag did not appeal OPM's final decision to the Board, however, until January 9, 1992, thirty days after the December 10, 1991 due date.
 
 
 3
 Upon receipt of this untimely appeal, the AJ informed Edulag in an Acknowledgment Order dated January 17, 1992 that she had the burden of proof on timeliness. The AJ ordered her to file "evidence and argument showing that [her] appeal was timely filed or that good cause existed for the delay." In her response to the AJ's Order, dated February 11, 1992, Edulag failed to provide any explanation for the untimeliness of her appeal. Instead, she simply explained why her response to the AJ's Order was untimely. Believing that Edulag may have been confused as to her evidentiary burden regarding the untimeliness of her appeal, the AJ issued another Order on March 4, 1992 clarifying this burden and extending her deadline to present evidence in this regard to April 3, 1992. In her response to this Order, Edulag failed again to present any arguments or evidence justifying the untimely filing, and instead simply set forth arguments as to the merits of her case.
 
 
 4
 Because Edulag failed to set forth any explanation regarding her thirty day delay in appealing OPM's final decision, the AJ dismissed Edulag's appeal as untimely. Edulag's petition for review of the AJ's decision, dated May 5, 1992, also failed to provide any explanation for the untimeliness of the appeal. The Board thus denied review of that decision.
 
 
 5
 Under the foregoing circumstances, we cannot say that the AJ erred in dismissing Edulag's appeal on the basis that she had failed to establish good cause for her thirty day delay in filing her appeal. The Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). In addition, this court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.