17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Howard D. UNDERWOOD, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3398.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1994.
 
 Before RICH, ARCHER, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Howard D. Underwood petitions for review of the January 26, 1993 decision of the Administrative Judge (AJ) in Merit Systems Protection Board Docket No. CH-0752-84-0359-C-1. The AJ's decision became the final decision of the Board when Mr. Underwood's petition for review was denied on May 21, 1993. We affirm
 
 DISCUSSION
 
 2
 In March 1984, Petitioner was removed by the Postal Service. In July 1984, he settled an appeal to the Merit Systems Protection Board (Board) under terms that put him "administratively on the rolls" but stated that he was "not to return to duty until further notified." The settlement agreement was executed and entered into the record and Mr. Underwood's appeal was dismissed by the Administrative Judge.
 
 
 3
 After the settlement agreement was signed, Mr. Underwood was assigned to a Post Office in Forest Lake Minnesota. Mr. Underwood replied:
 
 
 4
 I decline the reassignment and am submitting herewith my application for discontinued service retirement to be effective July 31, 1984.
 
 
 5
 On September 25, 1992, eight years later, Petitioner appealed to the Board requesting reinstatement and back pay. Regarding settlement of his original appeal to the Board, Petitioner asserted that the Postal Service had agreed:
 
 
 6
 to reassign me to another office ... but only if I would write a letter for refusal before their offer was made.
 
 
 7
 Regarding the period of time that had elapsed between settlement of his original claim and his appeal Petitioner stated that:
 
 
 8
 I realize that appeals have to be made within certain time restraints but in this case that does not apply--the reason is simple--their [sic] are no time limits or statute of limitations where terrorism or blackmail is used on the part of a government agency.
 
 
 9
 In a subsequent submission to the Board, Petitioner included a letter from a former postmaster at Forest Lake intimating that there may not have been a vacancy in Forest Lake when Petitioner was ostensibly reassigned. As a result, Petitioner contends that his reassignment was a "charade" and that had he known that there was no post available in Forest Lake he would not have agreed to the refusal of assignment. Petitioner also contends that the Postal Service "place[d] misleading information in his file ... to give the impression of compliance with the M.S.P.B."
 
 
 10
 Petitioner's appeal was dismissed by the Board as outside of its jurisdiction and as untimely.
 
 
 11
 Petitioner bears the burden of proving, by a preponderance of the evidence, that his appeal is within the Board's appellate jurisdiction. 5 C.F.R. 1201.56(a)(2). The Board has no jurisdiction over appeals by employees wishing to be reinstated after voluntarily retiring. Christie v. United States, 518 F.2d 584 (Ct.Cl.1975).
 
 
 12
 An involuntary retirement requires a showing that Petitioner was misled by the agency's statements, that his resignation was obtained through duress or coercion, or that some other condition precluded a voluntary decision to resign. Scharf v. Department of Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983).
 
 
 13
 Petitioner voluntarily entered into a settlement agreement with the Postal Service under which he agreed that he would refuse any reassignment and retire. Petitioner has failed to prove that his retirement was involuntary.
 
 
 14
 The Board also held that Petitioner's claim was barred by the 20 day limitations period set out in 5 C.F.R. 1201.12. The Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 15
 Under the foregoing circumstances, we cannot say that the AJ erred in dismissing Mr. Underwood's appeal on the basis that he had failed to establish either the Board's jurisdiction over his appeal or good cause for his eight year delay in filing his appeal.
 
 
 16
 In addition, this court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.