22 F.3d 1103
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jerry H. NISENSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3522.
 United States Court of Appeals, Federal Circuit.
 March 4, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Jerry H. Nisenson petitions for review of the April 8, 1993 decision of the Administrative Judge (AJ) in Merit Systems Protection Board Docket No. DC-0752-93-0243-I-1. The AJ's decision became the final decision of the Board when Mr. Nisenson's petition for review was denied on July 22, 1993. We affirm.
 
 DISCUSSION
 
 2
 On February 3, 1992, Mr. Nisenson retired from his position as an international economist for the Department of the Treasury (agency). Before retiring, Mr. Nisenson filed several complaints and grievances with agency officials regarding asserted hostility and retaliation by his supervisor, all of which were denied.
 
 
 3
 In a letter dated May 7, 1992, Mr. Nisenson asked the Office of Special Counsel (OSC) to reopen a complaint filed in July 1991 and rejected by that office. Mr. Nisenson reiterated his previous accusations and stated that his retirement was "taken under duress" because of the alleged abusive behavior of his supervisor. In that letter Mr. Nisenson also stated, however, that his retirement was voluntary. In a letter dated May 19, 1992, OSC rejected Petitioner's request, indicating that because of his "voluntary retirement from the federal civil service" corrective action could not be taken and the issues raised in Mr. Nisenson's letter were moot.
 
 
 4
 Petitioner appealed to the Board on January 25, 1993 asserting that his retirement was involuntary and should be considered an appealable, constructive removal. Petitioner also requested that the delay in filing his appeal outside of the prescribed 20 day period be excused.
 
 
 5
 Petitioner advanced several reasons why his delay in appealing should be excused: 1) he did not know of his appeal rights and agency officials failed to apprise him even though they knew or should have known that his retirement was involuntary; 2) in light of two OSC filings, OSC should have advised him that he could challenge the voluntariness of his retirement; 3) the filings he made in the OSC should be deemed timely albeit in the wrong forum; and 4) when he was advised that he could appeal, he was not told of the 20-day time limit. The Board rejected each of Petitioner's assertions and refused to waive the filing deadline because it found that he failed to show good cause for filing late.
 
 
 6
 In this appeal, as he did before the Board, Petitioner contends that key agency officials were on notice that his retirement was involuntary on the basis of a November 1991 memo and a grievance he filed with the agency in July 1991. On the basis of these events, Petitioner maintains that the agency had the obligation to notify him of his appeal rights.
 
 
 7
 In response to this contention, the Board found that "none of Petitioner's "cited examples of Department of the Treasury 'knowledge' constitute persuasive evidence that the Department of the Treasury knew or should have known of the claimed involuntary nature" of Petitioner's retirement. Additionally, the Board argues here that the SF-50, the agency form documenting personnel actions, clearly indicates that Petitioner's retirement was voluntary.
 
 
 8
 The untimeliness of an appeal may be excused if an agency fails to inform an employee of his appeal rights in an involuntary action appeal. Malone v. Department of the Air Force, 41 MSPR 594 (1989). Where the employee has not put the agency on notice that the employee considers the action to be involuntary, the agency has no obligation to inform the employee of appeal rights. Peterson v. Department of Health and Human Services, 50 MSPR 237, 242 (1991), aff'd, 976 F.2d 747 (Fed.Cir.1992) (Table). Here, the Board's finding that the agency was not on notice of the alleged involuntary nature of Petitioner's retirement is supported by substantial evidence. Therefore the agency had no obligation to inform Petitioner of his appeal rights and the untimeliness of Petitioner's appeal cannot be excused on this basis.
 
 
 9
 Mr. Nisenson argues that, in addition to the agency, OSC was obligated to inform him of his appeal rights to the Board. The Board found that OSC had not breached any duty to Petitioner by not advising him that he might have appeal rights to the Board. Mr. Nisenson represented to OSC that his retirement was voluntary in the May 7, 1992 letter. Thus, as found by the Board, OSC had no obligation to inform Mr. Nisenson of any appeal rights to the Board he may have had.
 
 
 10
 With regard to Petitioner's filings in the OSC, as found by the Board, these filings cannot be considered timely albeit filed in the wrong forum. The first filing, the complaint filed in July 1991, predated Petitioner's retirement and therefore cannot be considered an appeal of that action. The second filing, Petitioner's May 1992 request for reconsideration, was filed more than three months after Petitioner retired, well outside the 20-day time limit for appeals.
 
 
 11
 Mr. Nisenson also argues that his delay in filing an appeal should be excused because he acted with due diligence once he discovered that he had a right to appeal. Petitioner contends that he visited the Board's offices on December 18, 1992 and was told by an attorney there that an involuntary retirement could be appealed but was not told that there was a time limit for submitting such an appeal. Mr. Nisenson returned to the Board's offices on December 21, 1992 and on January 4, 1993 to research his appeal rights. On this latter date Petitioner discovered the 20 day time limit. Mr. Nisenson argues that once he discovered the time limit he diligently pursued the appeal, filing it 20 days after learning of the time limit.
 
 
 12
 The Board rejected Petitioner's argument and found that although Mr. Nisenson was advised of his right to appeal on December 18, 1992 he postponed filing his appeal until January 25, 1993 and therefore did not pursue his appeal rights with the diligence required to waive the statutory filing deadline. The Board has broad discretion in deciding whether or not to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 13
 Under the foregoing circumstances, we cannot say that the Board abused its discretion in dismissing Mr. Nisenson's appeal on the basis that he had failed to establish good cause for his delay in filing his appeal. This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.