22 F.3d 1104
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Daniel R. STEWART, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3044.
 United States Court of Appeals, Federal Circuit.
 March 16, 1994.
 
 Before RICH, LOURIE, Circuit Judges, and MILLS, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Daniel R. Stewart petitions for review of the June 25, 1993, Initial Decision of an Administrative Judge (AJ), Docket No. DC0752930399-I-1, dismissing as untimely filed Stewart's appeal of the Department of the Air Force's July 9, 1990, decision separating Stewart for failure to accept a return assignment to the United States. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on September 23, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 The Air Force's July 9, 1990, notice clearly informed Stewart that an appeal of its decision to separate him had to be "submitted within 20 days after the effective date" of his separation, indicated as being September 8, 1990. The notice also explained in detail how to file such an appeal and what type of information to include therein. The Air Force even attached to the notice an optional form for use in filing such an appeal. Finally, in addition to the foregoing, the notice also informed Stewart that he had the right to review all records pertaining to his separation and to see a copy of the regulations pertaining to return assignment.
 
 
 3
 Stewart did not appeal his separation to the Board until April 17, 1993, approximately two and one-half years after his effective separation date. Upon receipt of Stewart's untimely appeal, the AJ informed him in an Acknowledgment Order dated April 22, 1993, that he had the burden of proof on timeliness. The AJ ordered him to file "evidence and argument showing that [his] appeal was timely filed or that good cause existed for the delay."
 
 
 4
 In response, Stewart argued to the AJ that the twenty day time period in his separation notice should not be enforced. Stewart contended that the fact that he was stationed in Israel when he recieved his separation notice effectively prevented him from reviewing the regulations and records located in Greece pertaining to his separation, and therefore, the notice regarding his appeal rights was somehow invalid. The AJ was unpersuaded and noted that there was no evidence of record that Stewart ever made any attempt to obtain this information while he was in Israel or that access to this information was denied. The AJ further noted that Stewart had failed to explain how his failure to review the pertinent regulations affected his ability to file a timely appeal. Accordingly, the AJ found that Stewart had failed to establish good cause for waiver of the filing requirement and consequently dismissed his appeal, stating in pertinent part:
 
 
 5
 Under these circumstances, and especially because the delay in filing was substantial, the appellant has failed to demonstrate due diligence or ordinary prudence in filing his appeal.
 
 
 6
 The Board has broad discretion in deciding whether or not to waive the time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). In addition, this court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). In this case, Stewart has failed to persuade us that the AJ's decision, based on Stewart's failure during the relevant time period to take any action to gain access to the pertinent regulations and records, falls within any of these categories. We therefore affirm the decision below.
 
 
 
 *
 The Honorable Richard Mills of the Central District of Illinois sitting by designation