78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carolyn A. LAMB, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3790.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1996.
 
 Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Carolyn A. Lamb petitions for review of the decision of the Merit Systems Protection Board ("Board") in Docket No. DA-0752-94-0223-I-1, dismissing as untimely filed Lamb's petition for review of the administrative judge's ("AJ's") initial decision in her case. We affirm.
 
 DISCUSSION
 
 2
 Lamb was removed from her position with the United States Postal Service ("agency") effective December 10, 1993. She appealed her removal to the Board, which affirmed the agency's action in an initial decision issued May 4, 1994. In her initial decision, the AJ informed Lamb that the decision would become final unless she filed a petition for review by June 8, 1994. On January 26, 1995, Lamb inquired about the status of her case with the Clerk of the Board. She was informed by the Clerk's Office that she could file a petition for review of her case accompanied by an affidavit explaining why the petition had not been timely filed. On May 13, 1995, Lamb filed a petition for review accompanied by a motion to waive the time limit and declarations asserting that she had not timely filed her petition because she had not been in contact with the attorney who had represented her in the proceedings before the AJ.
 
 
 3
 Lamb's petition for review was filed more than eleven months after the June 8, 1994 deadline and thus is untimely. A petitioner whose appeal is untimely must show "a good reason for the delay." 5 C.F.R. § 1201.12. The Board may waive a failure to meet a timeliness requirement if the petitioner establishes that he or she was diligent and exercised ordinary prudence in prosecuting his or her case. Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980). Whether a petitioner establishes good cause for an untimely filing is a matter within the discretion of the Board. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 4
 Lamb did not timely file her petition for review because she had failed to pursue the matter with her attorney until the filing deadline had passed. A petitioner has the duty to monitor the progress of an appeal, however. Soleto v. Department of Agriculture, 58 M.S.P.R. 253, 256 n. 2 (1993). We will not disturb a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Because Lamb has not offered any proof whatsoever tending to show that she acted with ordinary care in pursuing her appeal and has not otherwise presented a compelling reason excusing her late filing, we hold that the Board's decision to dismiss her petition for review as untimely was not erroneous or an abuse of discretion.