Julius B. PERRY, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 01–3024.

United States Court of Appeals, Federal Circuit.

April 12, 2001.

Before RADER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Julius B. Perry petitions for review of the August 16, 2000, final order of the Merit Systems Protection Board (Board), No. CH–0752–00–0495–I–1, dismissing Mr. Perry's appeal as untimely filed. Because Mr. Perry has not demonstrated that the Board abused its discretion in dismissing his appeal, this court *affirms*.

## I.

On July 28, 1995, the United States Postal Service (agency) issued a decision informing Mr. Perry that he would be removed from service for engaging in ongoing incidents of disruptive behavior. The agency decision informed Mr. Perry that he had a right to appeal to the Board within thirty days from the effective date of the decision. On August 4, 1995, Mr. Perry filed a formal Equal Employment Opportunity (EEO) complaint alleging that his termination was based on race, age, physical disability, and in retaliation for prior EEO activity. The agency removed Mr. Perry from employment on August 6, 1995.

In March 1996, Mr. Perry brought his case to arbitration. The arbitrator dismissed Mr. Perry's grievance finding his case to be nonmeritorious. On June 11, 1996, the agency issued a final decision finding no discrimination against Mr. Perry. In the final decision, the agency notified Mr. Perry that if he was "dissatisfied with this final agency decision, [he could] appeal the matter to the [Board] (not the EEOC) within 30 calendar days" of receipt

of the decision. The agency decision also specified the address to which Mr. Perry had to submit his appeal. The decision further explained: "In lieu of an appeal to the [Board], you may file a civil action in an appropriate U.S. District Court within 30 calendar days of your receipt of this final agency decision."

Mr. Perry did not appeal to the Board; instead, he filed a civil complaint in the U.S. District Court for the Western District of Missouri. The district court dismissed all of Mr. Perry's claims on November 26, 1997. The United States Court of Appeals for the Eighth Circuit affirmed. *Perry v. Runyon*, 198 F.3d 250 (8th Cir.1999) (Table).

On April 19, 2000, forty-five months after the issuance of the final agency decision, Mr. Perry filed an appeal with the Board. Noting that the appeal appeared to be untimely, the administrative judge ordered Mr. Perry to file evidence and argument showing that his appeal was either timely filed or that good cause existed for the delay. Mr. Perry responded that "[t]here is no argument that the postal service and the EEOC mentioned in their documents that I had a right to a hearing, but it was misleading at best." Mr. Perry further claimed "me[n]tal distress and anguish brought on by the abuse of authority shown towards" him as being a cause of his untimely filing.

In an initial decision issued May 23, 2000, the administrative judge dismissed Mr. Perry's appeal as untimely filed. The administrative judge specifically found that "the agency correctly and appropriately stated the appellant's appeal rights in its final discrimination complaint decision." The administrative judge further found that "the appellant's 'mental anguish,' even if true, does not rise to the level of mental incompetence." The initial decision became final on August 16, 2000, when the

full Board denied Mr. Perry's petition for review.

## II.

"Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). "On appeal, [this court] will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* This court has reviewed the record and finds that the Board did not abuse its discretion in concluding that Mr. Perry failed to demonstrate good cause for his delay.

The June 11, 1996, final agency decision clearly and unequivocally explained all appeal rights to Mr. Perry. Furthermore, Mr. Perry presented no evidence of mental incompetence preventing him from filing a timely appeal. In fact, Mr. Perry demonstrated adequate mental competence to pursue his case via a civil action in district court "[i]n lieu of an appeal to the Board" as offered by the final agency decision.

## CONCLUSION

The Board's dismissal of Mr. Perry's appeal as untimely filed is affirmed.