**Ronald E. BUSTER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3308.

United States Court of Appeals, Federal Circuit.

Dec. 5, 2002.

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Ronald E. Buster seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal as untimely filed and for lack of jurisdiction. Because the Board did not err in dismissing his appeal, we *affirm*.

The Board has the power to waive the time for filing an appeal upon a showing of "good cause." *Alonzo v. Dept. of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980); 5 C.F.R. § 1201.22. "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). Thus we review the Board's decision to dismiss an appeal as untimely filed under the deferential standard of abuse of discretion. *Id.*; 5 U.S.C. § 7703(c) (2000).

In this case, the administrative judge notified Mr. Buster that his appeal was filed more than nine and one-half years late and ordered him to show cause for the delay. In response, Mr. Buster offered no explanation for filing an untimely appeal relating to actions of the Department of Veterans Affairs. In his appeal brief to this court, Mr. Buster still fails to show good cause for his untimely filing. There was no abuse of discretion in the Board's decision to dismiss these claims as untimely filed.

To the extent that Mr. Buster challenges decisions by the Office of Workers' Compensation Programs (OWCP) of the Department of Labor, the Board does not have jurisdiction to review those decisions. The Board correctly dismissed for lack of jurisdiction any claims based on OWCP decisions.

Finally, a Board appeal regarding an application for disability retirement must be from a final decision of the Office of Personnel Management (OPM), not the employee's agency.