**Billy D. CIPOLLA, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03-3065.

United States Court of Appeals, Federal Circuit.

June 20, 2003.

Before NEWMAN, GAJARSA, and PROST, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Billy D. Cipolla petitions for review of the decision of the Merit Systems Protection Board, Docket No. PH0731860363-I-1, dismissing his petition for review of an Initial Decision as untimely filed. We *affirm* the decision of the Board.

### BACKGROUND

Mr. Cipolla was an Air Traffic Control Specialist with the Federal Aviation Administration when he was removed from federal employment in 1981 for participating in a strike. He appealed his removal to the Board. In an Initial Decision dated January 18, 1983 the administrative judge reversed the removal, finding that the agency had failed to establish a *prima facie* case. *Cipolla v. Department of Transportation,* 16 M.S.P.R. 268, 269 (1983). The Agency appealed the Initial Decision to the full Board, which reversed the administrative judge and sustained the removal.

In February 1986 Mr. Cipolla re-applied for employment as an Air Traffic Control Specialist with the FAA. His application was referred to the Office of Personnel Management for a suitability determination and, acting pursuant to a directive issued by President Reagan in December 1981 OPM found him unsuitable for employment with the FAA. He appealed this decision to the Board. In an Initial Decision dated May 29, 1986 the administrative judge affirmed OPM's suitability determination. The AJ also noted that Mr. Cipolla had attempted to reargue the merits of his removal, but could not do so because that matter had already been litigated. The Initial Decision informed Mr. Cipolla that he had the right to file a petition for review by the full Board, and stated the deadline for filing such a petition as July 3, 1986. Absent such a petition, the decision became final on July 3, 1986.

By letter of June 12, 2002 Mr. Cipolla inquired about the possibility of appealing the May 29, 1986 Initial Decision. The Clerk of the Board informed him that his petition was late and had to be accompanied by a motion to waive the applicable time limit, and included a form to be filed and a copy of the regulation. Mr. Cipolla returned the signed form and a narrative explaining his late filing.

The Board found his reasons inadequate to excuse the sixteen year late filing and dismissed his petition for review. This appeal followed.

## DISCUSSION

A petition for review by the full Board of an Initial Decision must be filed within 35 days of the issuance of the Initial Decision. The Board may waive the time limit if the petitioner shows good cause for the delay. To establish such good cause, the petitioner must show that he exercised due diligence or ordinary prudence in the circumstances of his case. *See Mendoza v. MSPB,* 966 F.2d 650, 653 (Fed.Cir.1992). Circumstances to be considered include the length of the delay, the reasonableness of the excuse, whether he is proceeding *pro se,* and whether circumstances beyond his control prevented a timely filing. *See Moorman v. Department of the Army,* 68 M.S.P.R. 60 (1995), *aff'd,* 79 F.3d 1167 (Fed.Cir.1996)(Table).

The reasons Mr. Cipolla submitted for his untimely filing were that he was waiting for a more receptive Administration (*i.e.,* a different President); that the decision he wishes the Board to review was wrong, as evidenced by the fact that he has subsequently been re-hired by the FAA; and that he had difficulty obtaining legal representation at the time of the Initial Decision.

The Board found these reasons inadequate to excuse the sixteen year delay. We agree. Waiting for a change of political administration is not good grounds for an untimely filing, for the full Board's task is to determine whether the administrative judge committed reversible error under the law and regulations that were in effect at the time of the action taken. A subsequent change in law does not render incorrect a decision that correctly applied the previous law. Thus, waiting for legal or policy change is not good cause for the extensive delay. While difficulty in obtaining legal representation can provide good cause for a late filing under some circumstances, the length of the delay renders this excuse inadequate.

The Board's decision to dismiss Mr. Cipolla's Petition for Review must be affirmed.