NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3014

ALEXANDER GARCIA-RIVERA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Elaine Rodriguez-Frank, of San Juan, Puerto Rico, for petitioner.

Jeffrey A. Gauger, Acting Associate General Counsel for Litigation, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-3014

ALEXANDER GARCIA-RIVERA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in
NY0752080161-I-1.

_____

DECIDED:  July 13, 2009

_____

Before MICHEL, Chief Judge, NEWMAN, and DYK, Circuit Judges.

PER CURIAM.

Alexander Garcia-Rivera appeals the dismissal by the Merit Systems Protection

Board ("MSPB") of his appeal as untimely.  For the reasons that follow, we affirm.

## I.    BACKGROUND

Garcia-Rivera worked as a housekeeping aide for the Department of Veterans

Affairs ("VA").  Beginning in 2005, the VA began disciplining him for being absent from

work.  Garcia-Rivera acknowledged a history of substance abuse problems, including

an arrest in 2006 that led to his referral to a treatment program.  During 2007, he

continued using illegal drugs, resulting in incarceration, hospitalization, and further referrals to substance-abuse treatment programs.

By a letter dated January 16, 2008, the VA removed Garcia-Rivera from his position effective January 20, 2008, for "Unexcused Tardiness," "Failure to Comply with Work Schedule," "Inability Failure to Follow Leave Requesting Procedures," and "Unauthorized Absence (AWOL)." This letter included a statement that any "appeal must be filed anytime during the period beginning with the day after the effective date of the removal action but not later than **30-calendar days after the effective date**." Garcia-Rivera signed the letter, acknowledging that he received it, on January 19, 2008.

Thirty-four days later, Garcia-Rivera, acting through counsel, appealed his removal. An administrative judge of the MSPB ordered Garcia-Rivera to show cause why his appeal should not be dismissed as untimely. Garcia-Rivera filed a response in which he recounted his troubles from substance abuse in 2006 and 2007, as well as April 2008. Garcia-Rivera did not, however, explain why he was unable to file an appeal during January and February 2008.

The administrative judge noted that Garcia-Rivera failed to produce any evidence that illness or drug addiction prevented him from filing his appeal in a timely fashion, and ruled that Garcia-Rivera had "failed to establish good cause for the waiver of untimeliness." Garcia-Rivera petitioned for review of this decision, which the MSPB summarily denied. Garcia-Rivera thereafter appealed to this court.

## II.    DISCUSSION

The thirty-day time limit for filing an appeal with the MSPB is set forth in 5 C.F.R. § 1201.22(b)(1). Under § 1201.22(c), "If a party does not submit an appeal within the

time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely." "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the [MSPB]'s discretion and this court will not substitute its own judgment for that of the [MSPB]." Mendoza v. MSPB, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "On appeal, we will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. A petitioner bears the burden of showing excusable delay. Id.

On appeal, Garcia-Rivera argues that (1) his minimal four-day delay in filing should be easily excused, (2) his lack of awareness of the filing deadline should excuse his late filing, and (3) "[a]t the time not only his health was compromised but also his personal liberty." None of these arguments shows that the MSPB abused its discretion.

The MSPB discussed the fact that Garcia-Rivera's appeal was late by only four days, but noted that would not excuse even a short delay "in the absence of good cause." The MSPB discussed the facts that Garcia-Rivera claimed excused his late filing, but these were all events from 2006 and 2007 or April 2008. The MSPB stated that Garcia-Rivera did not provide "a clear explanation regarding the failure to timely file his Board appeal, or seek an extension of time." We can discern no reversible error in the MSPB's decision on this point.

As the government points out on appeal, Garcia-Rivera did not initially argue to the MSPB that he was unaware of the thirty-day time limit for appealing. As Garcia-Rivera waived this argument below, we need not consider it on appeal.

Lastly, despite Garcia-Rivera's statement on appeal that he was unable to file an appeal because his health and "personal liberty" were compromised, none of the evidence he presented to the MSPB shows that he had a health problem in January or February of 2008 that would have prevented him from filing an appeal, nor is there any indication that he was incarcerated or otherwise detained during this period. Garcia-Rivera presented evidence of problems both before and after this period, but because of his conspicuous failure to address the thirty-day period between when his removal took effect and when his time to appeal expired, we cannot say the MSPB erred in not excusing his untimely filing.

## CONCLUSION

For the reasons stated above, we affirm the MSPB's decision that Garcia-Rivera did not show a sufficient excuse for his failure to appeal his removal in a timely fashion.

## COSTS

No costs.