26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David DEAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3014.
 United States Court of Appeals, Federal Circuit.
 April 14, 1994.
 
 Before ARCHER, Chief Judge, MAYER and LOURIE, Circuit Judges.
 
 DECISION
 
 1
 David Dean petitions for review of the final decision of the Merit Systems Protection Board, Docket No. BN0752930132I1, dismissing as untimely his appeal of a removal action of the Federal Deposit Insurance Corporation (FDIC). We affirm.
 
 DISCUSSION
 
 2
 By letter dated January 12, 1993, the FDIC notified Dean that he would be removed from his position as Bank Examiner, GG-12, effective January 22, 1993. The letter informed Dean of his right to appeal the removal action to the Merit Systems Protection Board and that the appeal "must be submitted to the MSPB no later than 20 days after the effective date of this action." See 5 C.F.R. Sec. 1201.22(b) (1993).
 
 
 3
 Dean filed an appeal to the Board on April 5, 1993, fifty-three days after the filing deadline of February 11, 1993. Consequently, the Administrative Judge (AJ) issued an order requiring Dean to show good cause for the delay in filing his appeal. In response to the order, Dean submitted a letter dated April 26, 1993, from Barry Giordano, a clinical psychologist, stating that "Mr. Dean has been seeing me for individual psychotherapy for a general anxiety disorder which can have as symptoms: difficulty with concentration, attention and short-term memory." Based upon that submission, the AJ preliminarily determined that Dean had established a prima facie showing of good cause for the untimely filing and deferred ruling on the issue of timeliness until a later hearing. During the pre-hearing period, Dean provided additional evidence supporting his contention that he was unable to prepare a timely appeal due to a psychiatric condition.
 
 
 4
 In its initial decision of April 29, 1993, the AJ concluded that the evidence submitted by Dean to document his anxiety disorder failed to show good cause excusing the fifty-three day delay in filing his appeal. The AJ found that the evidence did not "address the period for filing at all nor [did] it state what specific symptoms the appellant suffers from that would preclude a timely filing." Slip op. at 4. The AJ thus declined to waive the time limit and dismissed the appeal. Dean did not file a petition for review and the AJ's initial decision became the final decision of the Board on September 7, 1993. See 5 C.F.R. Sec. 1201.113 (1993).
 
 
 5
 Because the merits of the case were not reached by the Board, our authority to review the Board's decision is limited to whether its refusal to waive the regulatory filing deadline was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1988); Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).
 
 
 6
 Dean argues that in refusing to waive the filing deadline, the Board failed to consider evidence showing that his psychiatric condition inhibited his ability to comply with the time limit. Upon review of the entire record, however, we conclude that the Board did not act in an arbitrary or capricious manner, abuse its discretion, or act contrary to law in determining that Dean did not establish good cause for the delay in filing his appeal. Although it appears that Dean has been treated for an anxiety disorder, he did not show that his disorder effectively precluded him from filing his appeal before February 11, 1993. The burden was on the petitioner to demonstrate excusable delay. Mendoza, 966 F.2d at 653.
 
 
 7
 We thus conclude that the Board's decision to dismiss Dean's appeal as untimely filed, based upon its refusal to waive the time limit, was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law. Accordingly, the decision of the Board is affirmed.