26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Inigo R. PENA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3540.
 United States Court of Appeals, Federal Circuit.
 April 20, 1994.
 
 Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Inigo R. Pena petitions for review of a decision of the Merit Systems Protection Board, Docket No. SEO831910152-I-1, dismissing as untimely his petition for review of an initial decision which became final on May 30, 1991. The initial decision had affirmed the decision of the Office of Personnel Management (OPM) disallowing Petitioner's application for a deferred annuity under the Civil Service Retirement System. We affirm the decision of the Board.
 
 
 2
 Mr. Pena applied for a deferred annuity based on service he performed as a teacher and as a justice of the peace for the Insular Government of the Philippines between May 1, 1914 and November 15, 1935, the date upon which the Commonwealth of the Philippines was established. OPM disallowed the application because Mr. Pena's service was at no time covered by the Civil Service Retirement Act. See 5 U.S.C. Sec. 8333. OPM's reconsideration decision, reaching the same conclusion, issued November 15, 1990.
 
 
 3
 Petitioner appealed to the MSPB on December 11, 1990, which affirmed the reconsideration decision in an initial decision dated April 25, 1991. The initial decision informed Petitioner that it would become final on May 30, 1991 and that was the last day upon which he could petition for review by the full Board. On March 5, 1993 Mr. Pena filed a petition for review by the full Board. This first petition was rejected by the Clerk of the Board since he failed to serve the other parties, and he was instructed to refile within 30 days of the date of the notice. The Clerk also stated that the Petition was late and instructed Petitioner to show good cause for the late filing. Mr. Pena refiled his petition for review on April 22, 1993, which was late by six days.
 
 
 4
 In explaining the six-day late re-filing, Mr. Pena stated that the mail to the Philippines had been delayed and included the envelope in which the Clerk's notice had been sent. The Board accepted this as good cause for the six-day delay. But, to show cause why his original filing was 22 months late, Mr. Pena stated only "circumstances beyond my control," with no suggestion of what those circumstances were. The Board, citing Cooper v. Office of Personnel Management, 7 M.S.P.R. 544 (1981), held that the bare allegation of circumstances beyond the control of Petitioner does not establish good cause for an untimely petition for review.
 
 
 5
 The waiver of the time limit for filing a petition for review for good cause is a matter committed to the discretion of the Board. Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992). Under the circumstances of this case, the Board did not abuse its discretion in holding that Mr. Pena's explanation for the 22-month late filing was inadequate.