74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Abdul Rahim Ali HASAN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3817.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1996.
 
 Before RICH, RADER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Abdul Rahim Ali Hasan petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket number CH-0752-95-0653-I-1, dismissing Hasan's appeal for lack of jurisdiction because it was untimely filed.[1] We affirm.
 
 DISCUSSION
 
 2
 Hasan was removed from his position as a letter carrier effective August 6, 1989. At the time of his removal, he was advised of his right, as a preference eligible employee, to appeal to the Board within twenty days.[2] Instead of lodging an appeal with the Board, Hasan filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"), which was denied on May 5, 1994. On February 28, 1995, Hasan appealed his 1989 removal to the Board. Because the appeal was filed five-and-one-half years after his removal became effective, the AJ issued an Acknowledgement Order ordering Hasan to file evidence that his appeal was timely or that good cause existed for the delay. On June 19, the AJ dismissed the appeal after determining that Hasan had failed to establish good cause for the delay.
 
 
 3
 Hasan bore the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. Sec. 1201.56(a)(2) (1995). An appellant whose appeal is untimely has to show "a good reason for the delay." 5 C.F.R. Sec. 1201.22(c). In response to the AJ's request to show cause for his late filing, Hasan asserted that he had not filed his appeal within twenty days of his removal because he "was told wrongfully by a U.S. Postal Service Manager or Labor Relations, in August of 1989, that [he] could only file one way, either through the EEOC or the MSPB." The AJ was not persuaded by this explanation, noting that Hasan "ha[d] not identified the agency employee who allegedly gave him the wrong information in August 1989 concerning his appeal rights." In addition, the AJ found that at the time of his removal, Hasan had received a letter correctly advising him of his rights.[3] Whether a petitioner establishes good cause for an untimely filing is a matter within the discretion of the Board. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980). Moreover, we will not disturb a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Because Hasan was properly informed of his appeal rights by letter at the time of his removal, we find the Board's decision to be free of error and supported by substantial evidence.
 
 
 
 [1]
 The June 19, 1995 initial decision of the administrative judge ("AJ") became the final decision of the Board on September 6, 1995, when the Board denied Hasan's petition for review
 
 
 [2]
 The regulation granting a twenty-day appeal period has been revised to extend the appeal period to thirty days. 5 C.F.R. Sec. 1201.22 (1995)
 
 
 [3]
 This fact was undisputed because Hasan had submitted a copy of that letter with his appeal