91 F.3d 170
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvaree M. HOSTETTER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3143.
 United States Court of Appeals, Federal Circuit.
 June 10, 1996
 
 Before PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Melvaree M. Hostetter appeals the decision of the Merit Systems Protection Board, Docket No. DA-0831-95-0720-I-1 (Jan. 18, 1996), which dismissed as untimely her appeal of the Office of Personnel Management's ("OPM") denial of a former spouse survivor annuity. We affirm.
 
 
 2
 OPM denied Ms. Hostetter's application for a survivor annuity in a reconsideration decision issued on September 21, 1993. Under then-applicable Board regulations, Ms. Hostetter was required to appeal that decision within 25 days, in this case by October 18, 1993. 5 C.F.R. § 1201.22(b) (1993); 5 C.F.R. § 1201.23 (extending till Monday a deadline falling on Saturday). Ms. Hostetter filed her appeal to the Board on July 27, 1995, more than 21 months after the October 1993 deadline. She accompanied her appeal with a letter requesting waiver of the filing deadline, stating that she was not working at the time of receiving OPM's denial and that she was overcome by the enormous and hopeless effort that she believed to be required to navigate through the appeals process. She essentially repeated these grounds in her response to the Board's Acknowledgment Order requiring her to show cause why the filing deadline should be waived, adding that she had suffered ongoing back problems and was incapacitated on and off during 1995. The Board concluded that this showing was insufficient to establish good cause to waive the deadline.
 
 
 3
 We affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise unlawful; (2) procedurally defective; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). The decision whether good cause exists to waive the regulatory time limit for an appeal to the Board is committed to the Board's discretion, and this court will not substitute its judgment on the timeliness issue for that of the Board; only if the Board has abused its discretion will we disturb its decision on timeliness. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ).
 
 
 4
 On appeal, Ms. Hostetter states that she is eligible for survivor annuity benefits regardless of any timeliness issues, and because she contributed to the annuity fund throughout her marriage to the annuitant it would be unjust to dismiss her appeal and to deny her an annuity. That is not the issue before us. We are unable to conclude that the Board abused its discretion in not waiving the filing deadline in this case. The record simply does not demonstrate the extraordinary circumstances that would have prevented a timely filing, necessary for us to be able to conclude that the MSPB's denial of waiver for good cause was an abuse of its discretion.
 
 
 5
 Accordingly, the Board's dismissal of Ms. Hostetter's appeal for untimeliness is affirmed.
 
 
 6
 Each party to bear its own costs.