948

Vicente E. ECLARIN, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3043.

United States Court of Appeals,
Federal Circuit.

June 6, 2001.

Before RADER, SCHALL, and DYK,
Circuit Judges.

PER CURIAM.

Vicente E. Eclarin petitions for review
of the September 14, 2000, final order of
the Merit Systems Protection Board

(Board), No. SE–0831–00–0106–I–1, 86
M.S.P.R. 689, dismissing Mr. Eclarin's appeal as untimely filed. Because Mr. Eclarin has not demonstrated that the Board
abused its discretion in dismissing his appeal, this court *affirms* .

I.

Mr. Eclarin worked as a civilian for the
Department of the Navy in the Philippines
from October 1945 to June 1948, and again
from February 1952 to December 1982.
In January 1983, Mr. Eclarin applied to
the Office of Personnel Management
(OPM) for an annuity under the Civil Service Retirement System (CSRS), based on
his total Federal civilian service of thirty-two years. OPM denied Mr. Eclarin's retirement annuity application because his
federal employment was not covered under
the CSRS. Mr. Eclarin wrote to OPM
requesting reconsideration of the denial.
On June 13, 1989, OPM issued a final
reconsideration decision denying Mr. Eclarin's request for an annuity on the grounds
that he did not have 5 years creditable
service and that he had not worked in a
position subject to the CSRS. In its decision, OPM informed Mr. Eclarin that he
had the right to appeal to the Board and
provided him with the appropriate instructions and regulations for making a timely
appeal.

Mr. Eclarin did not appeal to the Board.
Instead, Mr. Eclarin wrote two letters to
OPM in 1992 again requesting a retirement annuity. OPM responded to these
requests, explaining that Mr. Eclarin's application and reconsideration for annuity
under the CSRS was previously disallowed
and that OPM would not consider Mr.
Eclarin's case again. In addition, OPM
reminded Mr. Eclarin that he was previously advised of his appeal rights and
again instructed him to make any further
request for review to the Board.

In 1998, Mr. Eclarin again wrote several letters to OPM seeking assistance in obtaining an annuity. OPM responded, reiterating its position that a final decision for reconsideration was made in 1989 and that Mr. Eclarin was given a right of appeal to the Board. In January 2000, Mr. Eclarin appealed to the Board.

Noting that the appeal appeared untimely, the administrative judge ordered Mr. Eclarin to submit evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. Mr. Eclarin responded by claiming that he was unsure of the "best way" to deal with OPM's repeated denials of his request for a retirement annuity. In addition, Mr. Eclarin pointed to the failing health and age of both his wife, who was suffering from diabetes mellitus, and himself, suffering from lumbago, as reasons for the delay.

In an initial decision issued May 31, 2000, the administrative judged dismissed Mr. Eclarin's appeal as untimely filed. The administrative judge specifically found that OPM had met its duty of notifying Mr. Eclarin of his right of appeal to the Board, as well as the proper procedures for filing a timely appeal, in OPM's reconsideration decision of June 13, 1989. The administrative judge further found Mr. Eclarin's delay in filing his appeal to be lengthy and that Mr. Eclarin presented "no evidence of circumstances beyond his control which prevented him from filing a timely appeal." The initial decision became final on September 14, 2000, when the Board denied Mr. Eclarin's petition for review.

## II.

The Board has discretion in determining "[w]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause ... this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). "On appeal, [this court] will not disturb the grant or denial of such a waiver [unless] it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* This court has reviewed the record and finds that the Board did not abuse its discretion in concluding that Mr. Eclarin failed to demonstrate good cause for his delay.

OPM's June 13, 1989, final reconsideration decision clearly and unequivocally explained Mr. Eclarin's appeal rights. Further, as acknowledged in at least two of his requests to the agency, Mr. Eclarin was aware of his appeal right and proper appeal procedures. Other than stating his own and his wife's age and failing health, Mr. Eclarin has not presented any evidence or supporting reasons for his delay in filing his appeal with the Board. The Board did not abuse its discretion in finding no good cause for Mr. Eclarin's delay, particularly in light of the fact Mr. Eclarin demonstrated adequate ability to repeatedly request OPM's reconsideration of his application.

## CONCLUSION

The Board's dismissal of Mr. Eclarin's appeal as untimely filed is affirmed.