NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3036

FRANK E. CAIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: September 7, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, <u>Circuit Judge</u>, and ELLIS,[*] <u>District Judge</u>.

PER CURIAM.

## DECISION

Petitioner Frank E. Cain appeals from a September 26, 2005 decision of the Merit Systems Protection Board ("Board"), Docket No. AT-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-B-1, dismissing his case as untimely filed. Because it is undisputed that petitioner's appeal was untimely and we find that the Board did not abuse its discretion in declining to waive the 30-day filing deadline set forth in 5 C.F.R. § 1201.22(b), we <u>affirm</u>.

---

[*] Honorable T.S. Ellis, III, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

BACKGROUND

On November 19, 2003, the Office of Personnel Management ("OPM") issued a decision informing petitioner that his annuity would be recomputed to eliminate credit for post-1956 military service because he failed to pay a service credit deposit prior to retirement. Petitioner was expressly notified of his right to appeal to the Board within 30 calendar days after the date of the decision or 30 days after receipt of the decision, whichever was later. In March 2004, petitioner wrote to OPM, but on April 9, 2004, his request for reconsideration was denied as untimely under 5 C.F.R. § 831.109(e)(1).

On April 19, 2004, petitioner filed an appeal at the Board. On April 29, 2004, OPM moved to dismiss the appeal as untimely. Petitioner responded by letter dated May 26, 2004, stating that he was suffering from depression or other psychiatric illness, that he was a recovering alcoholic and that he was going blind.

On August 24, 2004, the administrative judge ("AJ") issued an initial decision dismissing the appeal as untimely filed. Although a timely filing mistakenly addressed to OPM could substitute for a filing with the Board, petitioner's March 2004 letter—which was deemed a misdirected filing—had not been filed within the 30-day time limit set forth in 5 C.F.R. § 1201.22(b). The AJ declined to waive the filing deadline because petitioner's proffered evidence did not demonstrate that any medical condition had interfered with his ability to file a timely appeal.

On April 29, 2005, petitioner's request for further review was denied. Nonetheless, because the AJ had not informed petitioner of the specific criteria he needed to meet in order to establish good cause for his untimely filing on the basis of

physical or mental illness, the Board reopened the appeal on its own motion, vacated the initial decision and remanded for further proceedings.

In accordance with the Board's instructions, the AJ issued an order on May 11, 2005, providing petitioner an opportunity to establish good cause for his untimely filing. Petitioner responded with further evidence regarding his alleged medical conditions.

On September 26, 2005, the AJ issued another initial decision, again dismissing petitioner's appeal as untimely filed. The AJ found that none of the additional medical evidence established that any physical or mental condition prevented him from filing a timely appeal, as petitioner had told his doctors that he started getting sick after Christmas, i.e., after his filing deadline had already passed. This decision became final on November 15, 2005, when petitioner withdrew his request for further Board review. We now have jurisdiction pursuant to 28 U.S.C. 1295(a)(9).

DISCUSSION

Pursuant to 5 C.F.R. § 1201.22(b), "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." We have held that "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Petitioner does not dispute that his appeal was not filed within the deadline set forth in 5 C.F.R. § 1201.22(b), but alleges that various medical reasons prevented him from doing so. To establish good cause on the grounds of mental or physical illness, a

petitioner must (1) identify the time period during which he suffered from the illness; (2) submit supporting medical evidence; and (3) explain how the alleged medical condition prevented him from timely filing an appeal or requesting an extension of time. Lacy v. Dep't of the Navy, 78 M.S.P.R. 434, 437 (1998).

Here, the AJ did not abuse his discretion in concluding that petitioner failed to meet this burden. Petitioner's proffered medical evidence did not demonstrate that he suffered from any illness during the relevant time period, i.e., the 30-day window after the November 19, 2003 OPM decision or his receipt thereof. Moreover, he did not attempt to explain how any of his alleged medical conditions interfered with his ability to timely file his appeal or request an extension of time. We must therefore affirm the Board's decision.