NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3199

ROBERT J. ROBENSTEIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: September 8, 2006

_____

Before MICHEL, Chief Judge, DYK, and PROST, Circuit Judges.

PER CURIAM.

Robert J. Robenstein petitions for review of the final decision of the Merit Systems Protection Board (the "MSPB" or "Board") affirming the Office of Personnel Management's ("OPM's") negative suitability determination and removal of Mr. Robenstein from the rolls of the Department of Homeland Security. Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.

BACKGROUND

Mr. Robenstein appealed his negative suitability determination by OPM and subsequent removal from the rolls of the Department of Homeland Security to the Board.  In an initial decision, the administrative judge affirmed OPM's action. Robenstein v. Office of Pers. Mgmt., BN0731040030-I-1 (M.S.P.B. Mar. 31, 2004).  Mr. Robenstein filed a petition for review of the administrative judge's initial decision with the full Board on September 9, 2005, over sixteen months late.  The full Board determined that the initial decision became the final decision of the Board on May 5, 2004 because Mr. Robenstein had not filed an appeal by that date.  Robenstein v. Office of Pers. Mgmt., BN0731040030-I-1 (M.S.P.B. Feb. 1, 2006) ("Dismissal Decision").  After finding that Mr. Robenstein had failed to establish good cause for the untimely filing, the Board dismissed his September 9, 2005 petition.  Mr. Robenstein timely appealed to this court. We have jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute.  This court reviews the record and holds unlawful any "agency action, findings, or conclusions" found to be:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

In his pro se appeal, Mr. Robenstein makes three main arguments.  He first asserts that he was prevented from timely filing an appeal of the administrative judge's initial decision to the full Board because he had not received documents pertaining to a background investigation conducted by the Customs and Border Protection Service[1] by the time the appeal deadline had passed.  Second, he argues that good cause also exists because he did not know that he could request a waiver of the time limit for an appeal until September 2005, at which time he submitted his petition for appeal.  Third, he also asserts that the administrative judge who heard his appeal lacked jurisdiction over his case because the administrative judge was from the Board's Boston Field Office, rather than the Board's New York Field Office.[2]

In response to petitioner's first two arguments, respondent asserts that after the Board considered Mr. Robenstein's explanation for his untimely filing, it found that he had "failed to act with due diligence" and dismissed his petition for review.  Specifically, respondent points out that Mr. Robenstein waited nine months after receiving the documents pertaining to the background investigation before filing the petition, which itself was over sixteen months late.  Even accepting his assertions that the documents he received were necessary for his appeal, respondent asserts that the Board's decision finding that he was not diligent during the nine month delay between receiving

---

[1]     The Customs and Border Protection Service is now part of the Department of Homeland Security.

[2]     Mr. Robenstein also submitted other information after learning that he would not have an oral argument, entitled "Memorandum to Oral Arguments."  While it does not appear that the submission is relevant to the issue before us, i.e., whether the Mr. Robenstein established good cause for his untimely filed appeal, to the extent that the submission includes new documents or arguments not raised in the administrative record, we have not considered them in reaching our decision.

the documents and filing his petition was not erroneous. Lastly, respondent notes that Mr. Robenstein's case was heard by the Board's Boston Field Office because it had jurisdiction over the state of Vermont and at the time of OPM's negative suitability determination the record shows that Mr. Robenstein resided in South Burlington, Vermont.[3]

Because Mr. Robenstein's appeal, by his own admission, was filed outside the limitation period, we need only consider the issue of whether the Board improperly denied him a waiver based on his request. See Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 652 (Fed. Cir. 1992) (en banc) (noting the same). Pursuant to the Board's regulations, a "petition for review must be filed within 35 days after the date of issuance of the initial decision . . . ." 5 C.F.R. § 1201.114(d) (2006); see 5 U.S.C. § 7701(e) (2000). The regulations also provide that "[t]he Board may extend the time limit for filing a petition for good cause shown as specified in section 1201.114 of this part." 5 C.F.R. § 1201.113(d) (2006); see 5 U.S.C. § 7701(e)(1) (2000). The burden is on the petitioner to demonstrate excusable delay. Mendoza, 966 F.2d at 653.

"We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Id. On appeal, this court will disturb the grant or denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Id.; 5 U.S.C. § 7703(c) (2000). In Moorman v. Department of the Army, the MSPB reiterated

---

[3] The government appears to be correct as to the basis for the administrative judge's jurisdiction.

several factors that the Board considers in an inquiry into whether a petitioner has shown good cause for an untimely filing of his appeal: (1) the length of delay; (2) the reasonableness of the appellant's excuse and his showing of due diligence; (3) whether the appellant is proceeding pro se; and (4) whether he has presented evidence of the existence of circumstances beyond his control which affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to file a timely petition for appeal. 68 M.S.P.R. 60, 62-63 (1995).

In considering the first two factors discussed in Moorman, the Board noted that even if the delay in getting the requested documents pertaining to his background investigation was a "reasonable excuse . . . the appellant fails to explain his further delay of over 9 months between receiving this information in November 2004, and filing this petition in September 2005." Dismissal Decision, slip op. at 3-4. Finally, in considering the last two factors, the Board found that "[e]ven though [Mr. Robenstein] is acting pro se, his failure to act on this allegedly new evidence for over 9 months clearly indicates that he has failed to act with due diligence in the circumstances." Id., slip op. at 4.

The essence of Mr. Robenstein's arguments is that he should be excused from the requirement of diligence because the Department of Homeland Security (the "Department") was not diligent in sending him the documents he requested and because he was ignorant of the fact that he could request an extension for good cause. We are not persuaded because Mr. Robenstein had the burden to establish good cause for the sixteen month delay and the Board adequately considered his pro se status and

the Department's delayed response and found that even if it explained away the first seven months of the delay, Mr. Robenstein was not diligent during the last nine months of the delay between receiving the documents and filing the appeal. Thus, Mr. Robenstein has failed to show that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Accordingly, we affirm.

No costs.