NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PERFECTO G. CAMILO,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3042

---

Petition for review of the Merit Systems Protection Board in Case No. SF0831050449-I-1.

---

Decided: April 12, 2011

---

PERFECTO G. CAMILO, of Cavite, Philippines, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel. Of counsel was COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

---

Before LOURIE, PROST and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Perfecto G. Camilo appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal as untimely filed. *Camilo v. Office of Pers. Mgmt.*, MSPB Docket No. SF0831050449-I-1 (September 30, 2010). Because the Board correctly found that Camilo failed to show good cause for the delay in filing his appeal, we *affirm*.

## BACKGROUND

Camilo was employed at the Department of the Army, in the Philippines, during which time no retirement deductions were withheld from him. On January 28, 1985, the Office of Personnel Management ("OPM") issued an initial decision, disallowing Camilo's application for retirement benefits under the Civil Service Retirement System ("CSRS"). By letter dated February 5, 2003, Camilo sought reconsideration of the initial decision, which the agency denied on September 16, 2003 as untimely filed. The agency found that Camilo had failed to provide sufficient evidence to justify an extension of the time limit of 30 days for filing his request for reconsideration. Camilo received OPM's final decision on October 1, 2003.

On July 6, 2004, the OPM received Camilo's appeal to the Board, which the Board deemed to have been filed on July 1, 2004.[1] In March and April 2005, the AJ issued

---

[1] Camilo incorrectly mailed the appeal to the OPM and not to the Board. When the appeal was eventually

two separate orders advising Camilo that his appeal would be considered untimely unless he could submit argument or evidence of either a timely filing or of good cause for the delay. Camilo did not respond. On May 2, 2005, the administrative judge issued an order requiring Camilo to show cause within 30 days why his appeal should not be dismissed as untimely and for failure to prosecute. Camilo responded on June 27, 2005, arguing that the reason for his untimely filings since 1985 was primarily his medical condition.

On July 1, 2005, the AJ dismissed Camilo's appeal finding no good cause for the several months of delay in filing the appeal. The AJ found that Camilo's appeal from OPM should have been filed by October 31, 2003, thirty days after his receipt of the decision. The AJ noted that Camilo was in fact aware of the filing time requirements. The AJ also considered the medical documentation submitted by Camilo as evidence of his illnesses but concluded that Camilo had not identified the period of time in which he suffered from those illnesses or explained how the illnesses prevented him from timely filing his appeal. The AJ found no causal connection between Camilo's "difficult circumstances" and his inability to timely file his appeal. Lastly, the AJ considered Camilo's *pro se* status but held that the length of delay and the lack of diligence on Camilo's part supported a finding of no good cause for the delay.

Camilo petitioned the Board for review. The Board corrected the AJ's calculation of the number months by which the appeal was late, but concluded that the change

received at the Board, the Board extrapolated the mailing date by presuming that the appeal had been mailed five days prior to its receipt at the OPM.

did not warrant a different result. Thus, the Board denied Camilo's petition and the AJ's initial decision, except as modified by the Board, became the final decision of the Board. Camilo timely appealed to us and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is generally limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The waiver of a regulatory time limit based on a showing of good cause "is a matter committed to the Board's discretion and [we] will not substitute [our] own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Camilo argues that the Board erred by failing to take into account the merits of his claim. He argues that his service record establishes that he is a veteran entitled to receive benefits from the Department of Veterans Affairs. He requests us to reverse the findings of the agency and order that he is legally entitled to retirement benefits.

The government responds that Camilo had ample opportunity to show that good cause existed for his delay, and although he presented evidence of his illnesses, he failed to show that the illnesses occurred during the time in question, or that the illnesses prevented him from filing his appeal in a timely manner. The government therefore contends that Camilo did not meet his burden to show good cause and the AJ properly dismissed his appeal.

We conclude that the Board correctly determined that Camilo's appeal was untimely filed. A Board appeal must be filed no later than 30 days after the receipt of the agency's decision. 5 C.F.R. § 1201.22(b)(1). Here, Camilo concedes that he received the OPM's final decision on October 1, 2003. His appeal was thus due on October 31, 2003. Camilo did not submit his appeal until July 1, 2004.

A petitioner bears the burden of demonstrating excusable delay by showing that, under the circumstances, he has exercised diligence or ordinary prudence. *Id.* The Board has held that in order to show that an untimely appeal was a result of an illness, the petitioner must identify the time period of the illness and also show that the illness prevented him from filing his appeal on time. *Lacy v. Dep't of the Navy*, 78 M.S.P.R. 434, 437 (1998). Substantial evidence supports the Board's conclusion that Camilo did not meet that burden. In his appeal to the Board, Camilo explained that he had grown increasingly ill since 1985 and had been working long hours to support his family. He cited two hospitalizations, in 2002 and 2004, along with medical documentation to support that assertion. However, as the AJ noted, Camilo failed to identify the time period during which he suffered from those illnesses. The appeal was due in October, 2003. Camilo did not show any hospitalization or illness that he suffered from during that period. We therefore agree with the Board that Camilo's delay in filing his appeal prior to October 31, 2003 is inexcusable.

Because substantial evidence supports the Board's conclusion that Camilo failed to establish good cause for the delay in filing his appeal from OPM's decision, and the Board did not abuse its discretion by refusing to waive the regulatory time limit for Camilo's appeal, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.