NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2013-3028

---

Petition for review of the Merit Systems Protection Board in No. PH3330120120-I-1.

---

Decided: August 13, 2013

---

RAKHMATULLA ASATOV, of Plainville, Connecticut, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Rakhmatulla Asatov appeals from the final decision of the Merit Systems Protection Board (Board). Because the Board did not err in denying Mr. Asatov's claim under the Veterans Employment and Opportunities Act, 5 U.S.C. §§ 3330a-c (VOEA), we affirm.

BACKGROUND

Mr. Asatov served in the United States Army from 2003 until 2010. Thereafter, Mr. Asatov applied for a position as a human resources (HR) specialist with the Connecticut Air National Guard. The position was classified as "dual status," meaning that it could only be held by a member of the National Guard. *See* 32 U.S.C. § 709(b); 10 U.S.C. § 10216(a).

One month later, Mr. Asatov learned that he was not selected for the position. Almost three months later, Mr. Asatov emailed VETS, a Department of Labor (DOL) component tasked with investigating certain employment claims brought by veterans, explaining that he believed that his veterans' preference rights had been improperly disregarded in the selection process for the HR specialist position. A VETS employee responded two days later and explained that veterans' preference is not applicable to dual status technical positions.

Mr. Asatov then filed an appeal with the Board asserting that the Connecticut National Guard had violated VEOA by failing to apply veterans' preference laws during the selection process. While his appeal was pending, Mr. Asatov received certified mail from the Office of the Assistant Secretary for VETS explaining that his VOEA complaint was untimely because it was not submitted within sixty days of the alleged violation. VETS explained that the reasons for late submission of his complaint were insufficient to waive the statutory sixty day filing requirement and, thus, his case was being closed. VETS also informed Mr. Asatov that he had a right to appeal the determination to the Board.

The administrative judge (AJ) assigned to Mr. Asatov's appeal denied his claim, and Mr. Asatov appealed the AJ's decision to the full Board. The Board denied his petition on two grounds. First, the Board found that the legislative history of 32 U.S.C. § 709 showed that the veterans' provisions in Title 5 were not intended to be applied to National Guard technician appointments. Second, the Board denied Mr. Asatov's claim must because he failed to meet the time limit for filing a complaint with DOL set forth at 5 U.S.C. § 3330a(a)(2)(A).

Mr. Asatov appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review of a Board decision is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The VEOA grants preferences to veterans who seek federal employment. 5 U.S.C. § 3330a. If the employing agency rejects the veteran's request for preference employment, the VOEA vests the veteran with the right to challenge that rejection before the Board. To present a claim to DOL, the veteran must file a complaint within sixty days after the date of the alleged injury to the veteran's preference rights. 5 U.S.C. § 3330a(a)(2)(A). The sixty day filing deadline is subject to equitable tolling, and failure to file a complaint with the DOL within that sixty day period does not foreclose the Board from exercising jurisdiction to review the appeal. *See Kirkendall v. Dep't of the Army*, 479 F.3d 830, 835-44 (Fed. Cir. 2007) (en banc). We review the Board's decision not to waive its filing deadline for an abuse of discretion. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992).

The parties dispute whether DOL waived the sixty day filing deadline for Mr. Asatov's claim. Mr. Asatov argues the DOL accepted his email as a complaint and that the email response he received two days later established that DOL waived the sixty day filing deadline. The government counters that DOL did not waive the sixty day statutory filing requirement. Moreover, the government argues that equitable tolling is not appropriate in Mr. Asatov's case.

We agree with the government that the Board did not err in finding Mr. Asatov's complaint untimely and that DOL did not excuse his failure to file a timely complaint. The email from the DOL to Mr. Asatov bore none of the earmarks of a formal resolution of a complaint. It did not assign a case number, did not inform Mr. Asatov of appeal options, and did not address either the timeliness of Mr. Asatov's claims or his argument for equitable tolling. By contrast, the formal letter that VETS sent to Mr. Asatov one month later associated his claim with a case number, was sent by certified mail on VETS letterhead, and informed him of his right to file a Board appeal if he was dissatisfied with DOL's response. The letter also expressly declined to waive the untimeliness of Mr. Asatov's complaint. As such, the Board reasonably found that Mr. Asatov's complaint was untimely and that DOL did not excuse the untimeliness. We also agree with the government that the Board did not abuse its discretion in declining to allow for equitable tolling in this case.

Because we affirm the Board's decision that Mr. Asatov's complaint was not timely filed, we need not consider the other arguments raised in this appeal.

**AFFIRMED**

Costs

No costs.