NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

CLIFFORD W. JONES, SR.,
*Petitioner*

v.

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
*Respondent*

2014-3205

Petition for review of the Merit Systems Protection Board in No. CH-1221-10-1030-C-1.

Decided: February 24, 2015

CLIFFORD W. JONES, SR., Cass Lake, MN, pro se.

MICHELLE MUSGRAVE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; JENNIFER M. CASSELL, Office of the General Counsel, United States Department of Health and Human Services, Chicago, IL.

Before PROST, *Chief Judge,* MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Clifford W. Jones, Sr. appeals from the final order of the Merit Systems Protection Board (Board) denying his petition for enforcement of a settlement agreement. *Jones v. Dep't of Health & Human Servs.*, No. CH-1221-10-1030-C-1 (M.S.P.B. Aug. 4, 2014) (*Final Order*). We *affirm*.

BACKGROUND

Mr. Jones was employed as a Supervisory Financial Management Specialist with the Indian Health Service (Agency) in Cass Lake, Minnesota. In 2009, the Agency suspended Mr. Jones twice. In September 2010, Mr. Jones filed an Individual Right of Action (IRA) appeal challenging both suspensions, which he alleged were retaliation for protected whistleblowing disclosures. Later in September, the Agency placed Mr. Jones on a Performance Improvement Plan.

On November 3, 2010, the parties agreed to settle the IRA appeal during a prehearing conference. The Administrative Judge issued an order on November 4 (November 4 Order) stating that the parties agreed to the following terms:

(1) The agency will cancel the appellant's 3-day suspension.

(2) The agency will reduce the appellant's 14-day suspension to a 10-day suspension.

(3) The agency will repay the appellant all money owed to him from the payroll system as of November 3, 2010.

(4) The appellant withdraws this Board appeal.

(5) This agreement fully resolves the issues presented in this appeal.

(6) Each party bears its own fees and costs.

(7) The Board will retain limited jurisdiction over this agreement for enforcement purposes.

R.A. 18. The November 4 Order informed the parties that if the summary was incorrect, they must notify the Administrative Judge in writing by November 12.

On November 9, Mr. Jones submitted a settlement agreement dated November 5 (November 5 Agreement), but did not explicitly contend that the November 4 Order was incorrect. The copy of the November 5 Agreement Mr. Jones submitted was signed by Mr. Jones, but not the government.

The Administrative Judge subsequently issued an Initial Decision dismissing the IRA appeal as settled pursuant to the November 4 Order. *Jones v. Dep't of Health & Human Servs.*, No. CH-1221-10-1030-W-1 (M.S.P.B. Nov. 16, 2010) (*2010 Initial Decision*). The Administrative Judge concluded that the parties entered into an oral agreement at the prehearing conference, accepted the oral agreement as set forth in the November 4 Order on behalf of the Board, and dismissed the case. Neither party filed a petition for review. After the IRA appeal was dismissed, the Agency cancelled Mr. Jones' three-day suspension, reduced his 14-day suspension, and repaid money owed to him through November 3.

Three years later, on September 24, 2013, Mr. Jones filed a petition for enforcement, alleging that the Agency breached the parties' agreement. Mr. Jones argued that the agreement set out in the November 4 Order did not reflect the parties' true agreement because the true agreement included resolving the Performance Improvement Plan. He argued that the government breached the agreement by placing him on the Plan and that his subse-

quent removal lacked basis because it relied on the Plan. The Agency responded that it complied with the November 4 Order. It argued that the settlement did not resolve the Plan, which was not even an issue presented in Mr. Jones' IRA appeal. It argued that if Mr. Jones disagreed with the November 4 Order, he should have filed a timely petition for review.

The Administrative Judge issued an Initial Decision denying Mr. Jones' petition for enforcement. *Jones v. Dep't of Health & Human Servs.*, No. CH-1221-10-1030-C-1 (M.S.P.B. Jan. 15, 2014) (*2013 Initial Decision*). The Administrative Judge found that the government was in material compliance with the November 4 Order. *Id.* at 3. She also stated that Mr. Jones could only contest the validity of the settlement by filing a petition for review, which, by regulation, was due within 35 days of the *2010 Initial Decision* or within 30 days after he received the *2010 Initial Decision*. *Id.* at 4; *see also* 5 C.F.R. § 1201.114. She therefore denied Mr. Jones' petition for enforcement. *2013 Initial Decision* at 4.

The Board denied the petition for review of the denial of the petition for enforcement. It agreed with the Administrative Judge that the government complied with the agreement. *Final Order* at 5–6. The Board held that to the extent Mr. Jones' petition for enforcement should actually be construed as a petition for review, such a petition should normally have been filed within 35 days of the *2010 Initial Decision*. *Id.* at 6. Thus, it determined that if the current petition was construed as a petition for review, such a petition would be untimely. *Id.* The Board recognized its authority when good cause exists to waive the deadline. *Id.* at 6–7. The Board found that despite Mr. Jones' pro se status, Mr. Jones had not shown good cause for waiving the deadline. *Id.*

Mr. Jones appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

A Board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;  (2) obtained without procedures required by law, rule, or regulation having been followed; or  (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

Mr. Jones argues that the government breached the parties' agreement.  He argues that the November 5 Agreement is tantamount to a transcript of the prehearing conference.  He argues this November 5 Agreement, rather than the November 4 Order, contains the parties' true agreement, which included resolution of his Performance Improvement Plan.  Mr. Jones argues that the Board violated 28 U.S.C. § 753(b) because it did not consider the November 5 Agreement as prima facie evidence of the true agreement of the parties.  Section 753(b) states, in relevant part, that "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  28 U.S.C. § 753(b).

Mr. Jones further contends that the conflict between the November 5 Agreement and the November 4 Order "clearly identif[ies] the collusion of [the Board] and the agency . . . ."  Petitioner's Br. ¶ 4.  He argues that the Board's decision that the government complied with the parties' agreement was wrong because the November 5 Agreement "identifies Section 3 . . . and Section 3 identifies that [the] specific [Performance Improvement Plan] is resolved on November 03, 2010."  *Id.* ¶ 5.

Turning first to Mr. Jones' petition for enforcement, we hold that substantial evidence supports the Board's decision that the government complied with the terms of the November 4 Order.  The government cancelled the three-day suspension, reduced the 14-day suspension, and

paid Mr. Jones. To the extent that Mr. Jones argues that the government breached Paragraph (5) of the Order by not resolving his Performance Improvement Plan, substantial evidence supports the Board's decision. Paragraph (5) states that the agreement fully resolved "the issues presented in this appeal." Mr. Jones' Performance Improvement Plan, implemented after Mr. Jones filed his IRA appeal, was not the subject of the IRA appeal. Thus, the Board properly found that the November 4 Order did not require the government to eliminate the Performance Improvement Plan.

Turning next to Mr. Jones' petition for review, the Board's decision not to waive the deadline to contest the validity of the settlement agreement was not arbitrary or capricious or an abuse of discretion. The decision to waive a regulatory time limit is committed to the discretion of the Board. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The record contains no explanation for the three-year delay between the *2010 Initial Decision* that referenced the November 4 Order and Mr. Jones' present appeal to the Board. The Board considered Mr. Jones' pro se status, and we cannot say that his pro se status alone renders the Board's decision not to waive the deadline arbitrary or capricious or an abuse of discretion.

We agree with the government that Mr. Jones did not raise his argument regarding 28 U.S.C. § 753(b) with the Administrative Judge or the Board. Moreover, his concerns are inapposite. Section 753(b) sets forth a presumption that a certified transcript of a Federal court proceeding is accurate. This does not, however, mean that a draft settlement agreement signed by only one party is tantamount to a certified transcript.

CONCLUSION

We have considered the remainder of Mr. Jones' arguments and do not find them persuasive. We *affirm* the Board's denial of Mr. Jones' petition for review.

**AFFIRMED**

COSTS

No costs.