## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL T. LARSEN,
           Appellant,

        v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
SF-0752-16-0301-I-1

DATE: January 18, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael T. Larsen, Yucca Valley, California, pro se.

Tracey Rockenbach, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2     On September 8, 2016, the administrative judge issued an initial decision that affirmed the agency's removal action.  Initial Appeal File (IAF), Tab 36, Initial Decision (ID) at 1.  He notified the appellant that the initial decision would become the Board's final decision on October 13, 2016, unless a petition for review was filed by that date.  ID at 62.  He also informed the parties that, pursuant to 5 C.F.R. § 1201.114(h), the length of a petition for review is limited to 30 pages or 7500 words, whichever is less, and that a request for leave to file a pleading that exceeds such limitations must be received by the Clerk of the Board at least 3 days before the filing deadline.  ID at 64.

¶3     The appellant attempted to file a 128-page petition for review on October 13, 2016.  Petition for Review (PFR) File, Tab 1 at 1.  However, because the petition for review was noncompliant with the Board's 30-page length limitation, the Clerk of the Board rejected it and allowed the appellant to file a perfected petition for review by October 21, 2016.  *Id.*  The Clerk of the Board explained in the rejection letter that, if a petition for review was not filed by that date, the September 8, 2016 initial decision would remain the final decision of the Board.  *Id.*

¶4     Nearly 1 month past the October 21, 2016 deadline, the appellant filed a perfected petition for review on November 17, 2016, along with a declaration and a statement addressing the untimeliness of the submission.  PFR File, Tab 2.  In an acknowledgment letter, the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely or to waive the time limit for good cause.  PFR File, Tab 3 at 1-2.  The appellant thereafter filed a motion to accept his petition for review as timely filed or to waive the time limit, and he submitted a new version of the petition for review, a declaration, and a copy of an email exchange between him and the agency representative.  PFR File, Tab 4.  The agency filed a response arguing, in part, that the appellant failed to show good cause for the untimely petition for review.  PFR File, Tab 5 at 5-6.

¶5    The appellant asserts in his motion and declaration that he did not receive the Clerk of the Board's rejection letter until he checked the Repository at e-Appeal Online on November 16, 2016.  PFR File, Tab 4 at 4-5, 33-34.  He further alleges that he demonstrated due diligence by perfecting his petition for review within 24 hours of receiving notice of the rejection letter.  *Id.* at 7.  He does not challenge the rejection of his initial petition for review, which we find was clearly noncompliant because it vastly exceeded the 30-page limitation that he was notified of in the initial decision.  *Id.* at 5, 34.

¶6    The Clerk of the Board's rejection letter clearly notified the appellant that a perfected petition for review had to be filed by October 21, 2016.  PFR File, Tab 1.  We reject the appellant's assertion that he did not receive the rejection letter until November 16, 2016.  The Board's regulations provide that a registered e-filer, like the appellant, agrees to accept documents through electronic service and is required to monitor his case activity at the Repository at e-Appeal Online to ensure that he receives all case-related documents.  IAF, Tab 1 at 2; *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(e)(1), (j)(3).  They further provide that pleadings and Board documents served electronically on registered e-filers are deemed received on the date of electronic submission.  *Rivera*, 111 M.S.P.R. 581, ¶ 5; 5 C.F.R. § 1201.14(m)(2).  When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did.  *Rivera*, 111 M.S.P.R. 581, ¶ 5.  Thus, we deem the appellant to have received the rejection letter on October 14, 2016, and his perfected petition for review was, therefore, untimely filed by nearly 1 month.  PFR File, Tab 1 at 3.

¶7    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(f)-(g).  To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184

(1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8      We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. His nearly 1-month delay in filing is not insignificant. *See, e.g.*, *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (finding a 13-day delay not minimal). Although the appellant is pro se, he is an attorney experienced with legal matters and familiar with Board procedures as a former agency representative. PFR File, Tab 5 at 26-29. Moreover, his argument that he did not receive the rejection letter until after the deadline had passed is not a reasonable excuse and does not establish that he exercised due diligence in monitoring his case as required under the Board's regulations. *See Rivera*, 111 M.S.P.R. 581, ¶ 7 (finding that the appellant failed to show that he exercised due diligence in monitoring his case as a registered e-filer); 5 C.F.R. § 1201.14(j)(3). In addition, the administrative judge notified the appellant of the Board's length limitations for a petition for review and of the need to request a waiver of such limitations at least 3 days before the filing deadline. ID at 64; *see Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc); *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 (2016) (finding that "[l]itigants before the Board are expected to comply with all orders issued by the Board and to comply with the Board's regulations").

¶9    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.